9 P.3d 1043

Richard KYLE, an individual and elector, Petitioner/Appellee.

v.

Lori DANIELS, real party in interest, Respondent/Appellant,

Betsey Bayless, the duly elected Secretary of State of Arizona who is named solely in her official capacity; R. Fulton Brock, Don Stapley, Andrew W. Kunasek, Janice K. Brewer, Mary Rose Wilcox are the duly elected or appointed members of the Maricopa County Board of Supervisors who are named solely in their official capacity; Helen Purcell, the duly elected Maricopa County Recorder who is named solely in her official capacity; and Karen Osborne, the duly appointed Maricopa County Director of Elections who is named solely in her official capacity, Respondents/Appellants.

No. CV–00–0286–AP/EL.

Supreme Court of Arizona.

Aug. 16, 2000.

Gallagher & Kennedy by Jeffrey D. Gross, Phoenix, for Petitioner/Appellee Kyle.

Meyers, Taber & Meyers, P.C. by Lisa T. Hauser, J. Tyrrell Taber, Phoenix, for Respondent/Appellant Daniels.

Janet Napolitano, Attorney General by Joseph Kanefield, Assistant Attorney General, Phoenix, for Secretary of State Bayless.

Richard M. Romley, Maricopa County Attorney by Jill M. Kennedy, County Attorney Division of County Counsel, Phoenix, for Respondents/Appellants Maricopa County Board of Supervisors and Helen Purcell, Maricopa County Recorder.

## O P I N I O N

JONES, Vice Chief Justice.

¶ 1 This is an expedited appeal. Accordingly, the matter was considered by a division of the court consisting of Chief Justice Zlaket, Vice Chief Justice Jones, and Justice Feldman. The court issued its dispositive order August 9, 2000, and indicated a formal opinion would follow. This is that opinion.

¶ 2 We are asked to decide whether A.R.S. § 16–312(D) (Supp.1999) prohibits a person from running for office as a write-in candidate in her party's primary election after submitting an insufficient number of valid signatures on nominating petitions. Exercising jurisdiction under the Arizona Constitution, article VI, § 5(3) and A.R.S. § 16–351(A) (Supp.1999), we hold that it does not.

¶ 3 Appellant Lori Daniels submitted her nomination petitions to the Secretary of State in order to compete in the Republican primary election for the office of Arizona State Senator for District 6. However, upon challenge to her petitions, the superior court found that Daniels did not submit the number of valid signatures required to support her nomination. Daniels then filed a "nomination paper" signifying intent to run as a write-in candidate in the same primary election for the same office. Her write-in candidacy is now challenged, under A.R.S. § 16–312(D), by Richard Kyle, another prospective write-in candidate for the office. The statute reads in relevant part:

¶ 4 A.R.S. § 16–312(D)

[A] candidate may not file [as a write-in candidate] pursuant to this section if either of the following applies:

1. The candidate ran in the immediately preceding primary election and failed to be nominated to the office sought in the current election.

2. The candidate filed a nomination petition for the immediately preceding primary election for the office sought and failed to provide a sufficient number of valid petition signatures as prescribed by § 16–322.

¶ 5 After a hearing, the superior court ruled in favor of Kyle and against Daniels, holding that section 16–312 expresses intent to limit the candidacy of a write-in for *any* election to the office sought in the year in which she failed to obtain sufficient signatures. We disagree. By referring in both (D)(1) and (2) to the election following the "immediately preceding primary election," the legislature clearly prohibits write-in candidacy in Daniels' circumstances in the general election, but offers no hint or suggestion that write-in candidacy for the primary election is to be similarly proscribed. Because the question presented involves statutory construction, we review the court's decision *de novo*. *See Open Primary Elections Now v. Bayless*, 193 Ariz. 43, 46, 969 P.2d 649, 652 (1998).

¶ 6 We find no ambiguity with regard to the statute's limitations on candidates who seek office in the general election. The express provisions of subsections (D)(1) and (2) make it clear that the statute prohibits the general election write-in candidacies of persons who ran in the primary but did not prevail or who were unable to gather sufficient signatures to run in the primary. The language applies to the general election, and indeed, Daniels concedes as much and agrees that her failure to obtain sufficient signatures for the ballot in the "immediately preceding primary" would preclude her from running as a write-in in the general election.

¶ 7 We find it equally clear that in enacting section 16–312(D)(2), the legislature has not addressed the issue before us today:

whether Daniels and others similarly situated may run as write-ins in *primary* elections. There is little coherence between the provisions of section 16–312(A) which purport to apply to *all* elections and those of subsections (D)(1) and (2) which expressly condition write-in candidacy on actions taken or results achieved in the "immediately preceding primary election." The election following the "immediately preceding primary election" can only mean the next general election, *i.e.,* the November election. Only through an implausible technical reading could the language be interpreted to apply to a write-in candidate in the primary. We cannot amend a statute judicially, and we cannot read implausible meaning into express statutory language. Moreover, nothing in the statute prohibits Ms. Daniels from seeking nomination in the primary by invoking more than one method—signature gathering, write-in, or both.

¶ 8   We find ambiguity inherent in an over-all reading of section 16–312. The confusion centers squarely on the legislature's failure directly to address primary elections. When faced with ambiguous statutes we apply our canons of statutory construction, considering background and context in an attempt to discover true legislative intent. *See Hayes v. Continental Ins. Co.,* 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994).

¶ 9   Daniels argues, and we agree, that the most plausible interpretation of the "preceding primary" language suggests that section 16–312(D) was simply not intended to apply to write-in candidates for primary elections. Yet, Kyle argues that despite this language, the legislature intended to limit all write-ins in the current "election cycle," *i.e.,* both the primary and general elections, based upon the petition gathering for the primary. But Kyle's interpretation would contradict the meaning of the word "preceding" as if it meant "upcoming." Such construction substantially alters what the legislature has in fact said. It would require us to find functional similarity between primary and general elections and overlook statutory language inapplicable to primary elections. We would necessarily be required to infer legislative intent to apply the same restrictions to both.

¶ 10   Were the functions of primary and general elections closely related, we might infer such intent, reasoning that the policy of limiting write-ins in the general election would be the same in the primary. However, the primary election serves a different function in our system. It is a competition for the party's nomination, no more, no less, and does not elect a person to office but merely determines the candidate who will run for the office in the general election. *See Board of Supervisors of Maricopa County v. Superior Court,* 4 Ariz.App. 110, 111, 417 P.2d 744, 745 (1966). This would suggest a wider rather than a narrower range of choice in the primary. In contrast, a general election actually determines which candidate will hold the office.

¶ 11   Significantly, a write-in candidate cannot prevail without garnering a number of votes at least equal to the number of signatures required to have placed the candidate on the ballot in the first instance. By contrast, candidates whose names are pre-printed on the ballot can win the primary with the largest number of votes, regardless of the number of votes cast. *See* A.R.S. § 16–645(A) (Supp.1999).

¶ 12   The write-in candidate who succeeds in the primary does not remain a write-in candidate in the general election, but rather becomes the party's candidate for the office with his or her name printed on the general election ballot. Conversely, the losing candidate is prohibited by section 16–312(D)(1) from running as a write-in in the general election. These requirements ensure that the general election process will not be abused by write-ins to circumvent the standard channels toward placement of one's name on the general ballot.

¶ 13   In sum, we conclude that the legislature intended its proscriptions against write-in candidacies to apply exclusively to the general election process. The "immediately preceding primary" language precludes an interpretation that the statute applies to candidates for whom the primary election is a future event, not a past event. The policy of giving greater choice to the voters is the

better policy where statutory ambiguity makes legislative intent unclear.

¶ 14 We reverse the superior court order enjoining Daniels' write-in candidacy for the office of State Senator in the primary election and affirm the superior court order enjoining Daniels from running as a write-in in the general election. To be a candidate in the general election, as with any other, she must prevail in the primary.

CONCURRING: THOMAS A. ZLAKET, Chief Justice, and STANLEY G. FELDMAN, Justice.