78 P.3d 275

**STATE of Arizona, Appellee,**

v.

**Joseph ARBOLIDA, Appellant.**

No. 1 CA–CR 02–0735.

Court of Appeals of Arizona, Division 1, Department D.

Sept. 9, 2003.

Terry Goddard, Attorney General By Randall M. Howe, Chief Counsel, Criminal Appeals Section, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender By Terry J. Adams, Deputy Public Defender, Phoenix, Attorneys for Appellant.

Richard M. Romley, Maricopa County Attorney By Patricia A. Nigro, Deputy County Attorney, Phoenix, Amicus Curiae.

## OPINION

WEISBERG, Presiding Judge.

¶ 1 Joseph Arbolida ("Defendant") appeals from his conviction for aggravated assault, a class 6 felony, and the prison term imposed. For reasons that follow, we reverse and remand for resentencing.

¶ 2 The State charged Defendant with aggravated assault after he pushed a police officer who had entered his home to investigate a reported fight. The jury found Defendant guilty, and the trial court found that he had a 1999 conviction for endangerment, a class 6 felony. The court imposed a super-mitigated term of .75 years for the assault and awarded 43 days of presentence incarceration credit.

¶ 3 Before sentencing, defense counsel argued that although Arizona Revised Statutes ("A.R.S.") Section 13–604 (2001), which governs repetitive offenders, does not authorize probation, the court could suspend sentence and order probation pursuant to A.R.S. § 13–702(G) (Supp.2002). The statute provides that:

*Notwithstanding any other provision of this title,* if a person is convicted of any class 6 felony not involving the intentional or knowing infliction of serious physical injury or the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument and *if the court,* having regard to the nature and circumstances of the crime and to the history and character of the defendant, *is of the opinion that it would be unduly harsh to sentence the defendant for a felony, the court may enter judgment of conviction for a class 1 misdemeanor ... or may place the defendant on probation ...* and refrain from designating the offense as a felony or misdemeanor until the probation is terminated.... **This subsection *does not apply to any person* who stands convicted of a class 6 felony and *who has previously been convicted of two or more felonies.***

(Emphasis added.)

¶ 4 Defendant cited the introductory phrase of § 13–702(G), "[n]otwithstanding any other provision of this title," to contend that the options permitted by that subsection trump the sentencing requirements of § 13–604(A). Nevertheless, the trial court concluded that § 13–604(A) prescribes the sentencing range for one convicted of a class 6 felony who has an *historical* prior felony conviction, as Defendant did, and that § 13–702(G) applies to a person who simply had a previous felony conviction that was not an historical prior, for example, because it was more than five years old.[1] Given that Defendant's prior conviction was less than five years old, it met the definition of an historical prior, and the court sentenced him under § 13–604(A). The court further noted that § 13–604(A) lists several exceptions but none included § 13–702(G). The court added that, if permitted by law, it would have ordered probation and left the class 6 offense undesignated.

¶ 5 Defendant's sole contention on appeal is that the trial court erred in concluding that it could not apply § 13–702(G) and impose probation instead of a prison term. We review the trial court's sentencing decision for an abuse of discretion. *State v. Blanton,* 173 Ariz. 517, 519, 844 P.2d 1167,

---

1. Section 13–604(V)(1)(c) (2001) provides that a prior class 4, 5, or 6 conviction is an historical prior if it "was committed within the five years immediately preceding the date of the present offense."

1169 (App.1992). But, the interpretation of statutes is a question of law that we review de novo. *State v. Getz,* 189 Ariz. 561, 563, 944 P.2d 503, 505 (1997). When interpreting a statute, we attempt to fulfill the legislature's intent. *State v. Derello,* 199 Ariz. 435, 439, ¶ 21, 18 P.3d 1234, 1238 (App.2001). In doing so, we first consider the statute's language, and if it "is plain and unambiguous, we must follow the text as written." *Id.* When interpreting a criminal statute, we "are also guided by the rule of lenity" so that a statute susceptible to more than one interpretation may be construed to favor a defendant. *State v. Tarango,* 185 Ariz. 208, 210, 914 P.2d 1300, 1302 (1996); *State v. Garcia,* 189 Ariz. 510, 513, 943 P.2d 870, 873 (App. 1997).

¶ 6 We appreciate the trial court's concern that by ordering probation it might impose an illegally lenient sentence. *See State v. Jenson,* 123 Ariz. 72, 74, 597 P.2d 554, 556 (App.1979) (power to grant probation is not inherent but statutory, and trial court may not deviate from sentence prescribed by legislature). We further note that § 13–604(A) mandates a sentencing range "[e]xcept as provided in subsection F, G or H of this section or § 13–604.01" and also permits a court to further mitigate or aggravate the prescribed sentence pursuant to " § 13–702, subsections B, C and D." Nowhere does § 13–604(A) mention § 13–702(G).

■ ¶ 7 Nevertheless, we believe that the trial court too narrowly interpreted § 13–702(G). As Defendant asserts and the State agrees,[2] the plain and unambiguous language of § 13–702(G) provides that it overrides *any other provision of title 13,* which necessarily includes § 13–604(A). This expansive language indicates an intention to give trial courts discretion when confronted with a defendant who has committed a minor felony and considering "the nature and circumstances of the crime" as well as the defendant's "history and character," to mitigate the consequences of that conviction by either designating the offense a misdemeanor or

giving the defendant an opportunity to complete probation.

¶ 8 The trial court's interpretation excepts a defendant who otherwise might qualify but who has an *historical* prior felony conviction, thus circumscribing the pool of persons who might benefit from more lenient treatment. Yet, the legislature barred only defendants who have "previously been convicted of two or more felonies" from the statute's reach. We will not imply words, as the trial court did, when the legislature easily could have limited the statute's scope had it so intended. We presume that the reference to "felonies" means any felony whether historical or not. *See State v. Cotton,* 197 Ariz. 584, 586, ¶ 6, 5 P.3d 918, 920 (App.2000) (we give words their ordinary meaning unless legislature reveals intent to give them special meaning). Therefore, Defendant qualified for § 13–702(G)'s more lenient treatment because he had not been previously convicted of two or more felonies, the only condition that barred the trial court from applying the statute to him after it had made the findings that would support the use of § 13–702(G).

¶ 9 In its amicus curiae brief, the Maricopa County Attorney's Office asserts that the interpretation advanced by Defendant and the State ignores the difference between a prior and an historical prior felony and that once the State alleged and proved that Defendant had an *historical* prior felony, the court had to sentence him under A.R.S. § 13–604 as a repetitive offender. It contends that if the legislature had intended that a person with an historical felony could benefit from § 13–702(G), it would have said so. Of course, the County's interpretation requires that we insert a limitation that the legislature did not impose and ignore the first words of § 13–702(G).

¶ 10 The County further argues that the interpretation we adopt renders § 13–604(A) "meaningless" with regard to defendants who are convicted of a class 6 felony and who have one historical prior felony conviction. This assertion overstates the case because § 13–702(G) does not automatically apply to,

2. The Maricopa County Attorney's Office moved to intervene in this appeal in order to oppose the Attorney General's confession of error. We de-nied the motion, and the County Attorney's Of-fice lodged an amicus curiae brief, which we accepted for filing.

or remove anyone from, the otherwise applicable sentencing statutes, including § 13–604(A). A trial court may only apply § 13–702(G) when, after considering the nature of the crime and its surrounding circumstances as well as the defendant's "history and character," it finds that "it would be unduly harsh" to impose a sentence for a felony conviction. Section 13–604(A) retains its full force and meaning in the ordinary case in which a defendant is convicted of a class 6 felony and has an historical prior felony conviction.

¶ 11 In light of the trial court's erroneous interpretation of the relevant statutes, we vacate the sentence and remand for further proceedings.

CONCURRING: MAURICE PORTLEY and DONN KESSLER, Judges.