Complainant(s) _____ Issued on: _____ Date DOV   Serial No. 6654

JO-171 Rev. 12/01

COURT.

93 P.3d 516

**STATE of Arizona, Appellee,**

v.

**Hung Manh NGUYEN, Appellant.**

**Nos. 1 CA–CR 03–0606, 1 CA–CR 03–0607.**

Court of Appeals of Arizona,
Division One, Department E.

June 22, 2004.
Review Denied September 21, 2004.

Terry Goddard, Attorney General, Phoenix, By Randall M. Howe, Chief Counsel, Criminal Appeals Section, and Kerri L. Chamberlin, Assistant Attorney General, Criminal Appeals Section, for Appellee.

James J. Haas, Maricopa County Public Defender, Phoenix, By Brent E. Graham, Deputy Public Defender, for Appellant.

## OPINION

BARKER, J.

¶ 1 We address in this opinion how Arizona Revised Statutes ("A.R.S.") section 13–604.02(B) (2001), requiring consecutive sentences for new crimes committed while on probation, interacts with Arizona's statutory and constitutional provisions for a twelve-person jury. For the reasons that follow, we agree with the trial judge that the potential sentence for the previously adjudicated offense is not included when determining whether a twelve-person jury is required for the trial of the newly charged crime.

### I.

¶ 2 Hung Mahn Nguyen ("defendant") appeals his conviction and sentence for one count of burglary in the second degree, a class 3 felony. Defendant was indicted for a burglary committed on October 25, 2002. The state filed allegations that defendant had two historical prior felony convictions and that the October 25th burglary offense was committed while defendant was on probation for a prior conviction of burglary in the second degree.

¶ 3 Defendant was found guilty of the October 25th burglary by an eight-person jury. After defendant's conviction, the trial court found that defendant had two historical felony convictions. The trial court further found that defendant committed the October 25th burglary while on probation and that A.R.S. § 13–604.02(B) applied. This required the trial court to revoke defendant's probation and run the sentences of the prior conviction and the October 25th burglary conviction consecutively. Defendant received the presumptive term of 11.25 years for the October 25th burglary. He was given an exceptionally mitigated term of two years for the prior burglary conviction for which he had been on probation.

¶ 4 Defendant filed a timely notice of appeal and this court has jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12–120.21(A)(1) (2003), 13–4031 (2001), and 13–4033(A)(1) (2001).

## II.

■ ¶ 5 Defendant claims the trial court erred in denying him a twelve-person jury. Both Arizona's constitution and statutory scheme require a twelve-person jury for criminal cases with potential imprisonment of thirty or more years. Ariz. Const. art. 2, § 23; A.R.S. § 21–102(A) (2002). With his two historical priors, the October 25th burglary charge carried a potential maximum sentence of twenty-five years. A.R.S. §§ 13–604(D) (2001 & Supp.2003), –702.01(E) (2001). Thus, the maximum possible sentence for the case tried to the jury—the October 25th burglary—was twenty-five years. There is no need for a twelve-person jury in this setting. However, a finding of guilt on the case also invokes a mandatory consecutive sentence in the unrelated case for which defendant was on probation. Defendant argues that since the combined sentences for the two cases could exceed thirty years, a twelve-person jury was required. We disagree with defendant's argument.

■ ¶ 6 We review de novo whether a defendant is entitled to a twelve-person jury. *State v. Maldonado*, 206 Ariz. 339, 342, ¶ 10, 78 P.3d 1060, 1063 (App.2003). Article 2, Section 23 of the Arizona Constitution requires that "[j]uries in criminal cases in which a sentence of death or imprisonment for thirty years or more is authorized by law shall consist of twelve persons."

¶ 7 Because defendant committed the October 25th burglary while on probation, A.R.S. § 13–604.02(B) applied. That statute has two components. The first component of A.R.S. § 13–604.02(B) provides for a statutory minimum sentence for the new crime being tried: "a person convicted of any felony offense ... if committed while the person is on probation ... shall be sentenced to a term of *not less than the presumptive sentence* authorized for the offense ...." *See State v. Cox,* 201 Ariz. 464, 469, ¶ 18, 37 P.3d 437, 442 (App.2002) ("a § 13–604.02(B) allegation increases the statutory minimum penalty but not the statutory maximum").

¶ 8 The second component of § 13–604.02(B) deals with the revocation of release for the prior offense. It directs the court to revoke probation for the prior offense and impose the sentence in the new case being tried consecutively to the sentence for the prior offense: "A sentence imposed pursuant to this subsection shall revoke the convicted person's release if the person was on release and shall be consecutive to any other sentence from which the convicted person had been temporarily released or had escaped ...." A.R.S. § 13–604.02(B). It is upon this second component that defendant relies.

¶ 9 The language in the second component requires consecutive sentencing to "any other sentence." This portion of § 13–604.02(B) is based on two sentences, not one. In terms of the matter that was tried to the jury, however, there was only *one* sentence. In applying the constitutional provision for a twelve-person jury, this court has previously held that "[t]he Constitution is clearly addressed to the total possible authorized sentence *in a criminal case* ...." *State v. Parker,* 22 Ariz.App. 111, 115, 524 P.2d 506, 510 (1974) (emphasis added); *see* A.R.S. § 21–102(A) & (B) (mandating the size of the jury for a "trial of a criminal case"). We hold that any subsequent sentence for the violation of a prior probationary grant is not imposed as part of the new crime which was tried to the jury. The conviction and sentence upon which the probationary grant was based originates from a "criminal case" that is separate and factually unrelated to the new crime for which defendant was tried to a jury.

¶ 10 In the present case, the trial court properly took account of the first portion of A.R.S. § 13–604.02(B) and found that defendant faced a potential sentence of twenty-five years (with a statutory minimum of the presumptive term). The trial court also properly considered that the second portion of A.R.S. § 13–604.02(B), pertaining to revocation and "any other sentence," should not be considered as part of the case at trial. Accordingly, we hold that the trial court was correct in determining that defendant was only entitled to a jury consisting of eight persons.

## III.

¶ 11 For the above reasons, and those set forth in the accompanying Memorandum De-

cision,[1] defendant's convictions and sentences are affirmed.

NORRIS and GEMMILL, JJ., concurring.

---

1. We simultaneously file a Memorandum Decision which rules on and affirms the judgment as to another issue raised by defendant.