IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | 2 CA-CR 2003-0386 |
| Appellant, | ) | DEPARTMENT A |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| DANIEL JAMES | ) | |
| ALEXANDER BARNETT, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20032947

Honorable Lina S. Rodriguez, Judge

AFFIRMED

Barbara LaWall, Pima County Attorney
  By Amy Pignatella Cain                                                     Tucson
                                                          Attorneys for Appellant

Isabel G. Garcia, Pima County Legal Defender
  By Robb P. Holmes                                                         Tucson
                                                          Attorneys for Appellee

B R A M M E R, Judge.

¶1        The state appeals from the trial court's dismissal of prohibited possessor charges against appellee, Daniel James Alexander Barnett, based on the court's interpretation

of the phrase "release on any other basis" in A.R.S. § 13-3101(A)(6)(d). We affirm the dismissal.

**Facts and Procedural History**

¶2        On August 22, 2003, Barnett pled guilty in CR-20031221 to solicitation to unlawfully possess a narcotic drug and unlawful possession of drug paraphernalia. He was released from custody on his own recognizance awaiting sentencing, which was scheduled for September 9.

¶3        On September 2, Barnett was arrested for possessing a deadly weapon in violation of A.R.S. § 13-3102. Barnett was subsequently indicted on two counts of possession of a deadly weapon by a prohibited possessor stemming from the arrest. Count one charged that Barnett had knowingly possessed a deadly weapon after he had been convicted of a felony. Count two charged that Barnett had knowingly possessed a deadly weapon after being released.

¶4        Pursuant to a plea agreement, Barnett attempted to plead guilty on November 4, 2003, to count two of the indictment. At the change-of-plea hearing, the trial court asked whether Barnett could be a prohibited possessor if he had been on preconviction release, not yet having been convicted in the prior case. The court deferred accepting the guilty plea and directed counsel to research the issue.

¶5        Barnett then filed a motion to dismiss both counts. He contended that he could not be a prohibited possessor because the "release" in § 13-3101(A)(6)(d) refers to post-

2

conviction release. Section 13-3101(A)(6)(d) defines a prohibited possessor, in pertinent part, as any person

> [w]ho is at the time of possession serving a term of probation pursuant to a conviction for a domestic violence offense as defined in § 13-3601 or a felony offense, parole, community supervision, work furlough, home arrest *or release on any other basis*.

(Emphasis added.) And, because Barnett had not yet been convicted in the prior case, he argued he could not have been on post-conviction release when he was arrested. Barnett also argued that neither subsection (b)[1] nor (d) applied to him. In its response, the state argued only that the phrase "release on any other basis" in subsection (d) refers to any type of release from confinement.

¶6 After hearing argument, the trial court ruled that

> the legislative intent of this statute is that a defendant must have a conviction in order to become a prohibited possessor. That while on release pre-conviction, there is a presumption of innocence and the defendant would not have been a prohibited possessor or forfeited those constitutional rights to bear arms.

The trial court dismissed both counts without prejudice,[2] and the state appealed.

---

[1] Section 13-3101(A)(6)(b) provides that a prohibited possessor is a person who "has been convicted within or without this state of a felony . . . and whose civil right to possess or carry a gun or firearm has not been restored."

[2] We note that Rule 16.6(b), Ariz. R. Crim. P., 16A A.R.S., allows a dismissal on a defendant's motion only if the trial court finds that the indictment is insufficient as a matter of law. *See State v. Rickard-Hughes*, 182 Ariz. 273, 275, 895 P.2d 1036, 1038 (App. 1995) ("Rule 16.6(b) is not the proper procedural means for a dismissal when the trial judge believes the evidence against the defendant is insufficient to go to the jury."). The trial court here did not find that the indictment was insufficient as a matter of law but, rather, that the

3

¶7       We review issues of statutory interpretation de novo, attempting to fulfill the legislature's intent in enacting the statute. *State v. Garcia*, 189 Ariz. 510, 943 P.2d 870 (App. 1997). "If the language of a statute is clear and unambiguous, we must give it effect without resorting to any rules of statutory construction." *State v. Johnson*, 171 Ariz. 39, 41, 827 P.2d 1134, 1136 (App. 1992); *see also Janson v. Christensen*, 167 Ariz. 470, 808 P.2d 1222 (1991). But, if we determine that the statutory language is either unclear or subject to more than one reasonable interpretation, we may examine "the statute's context, the language used, the subject matter, the effects and consequences, the historical background, and the purpose and spirit of the law" to determine legislative intent. *Johnson*, 171 Ariz. at 41, 827 P.2d at 1136; *see also Tanque Verde Unified Sch. Dist. No. 13 v. Bernini*, 206 Ariz. 200, 76 P.3d 874 (App. 2003).

**Discussion**

¶8       Our interpretation of § 13-3101(A)(6)(d) necessarily includes a determination of whether the phrase "release on any other basis" includes preconviction release as the state suggests or, as Barnett argues, only post-conviction release and that phrase's relationship to a defendant contemporaneously "serving a term." For purposes of this decision, and both because the state did not argue to the contrary in the trial court and because a judgment of

---

statute under which Barnett was charged was ambiguous and required that Barnett be convicted of the prior drug charges. The state does not challenge the dismissal as reversible error, so we do not address that issue.

guilt had not yet been entered in CR-20031221, we assume that, when he was arrested in this case, Barnett had not yet been convicted when he pled guilty on the drug offense.[3] The state argues for the first time on appeal that Barnett was convicted of the drug charges in CR-20031221 on August 22, 2003, when he pled guilty. We do not address this issue, however, both because the state did not raise it in the trial court, *see State v. Bolton*, 182 Ariz. 290, 896 P.2d 830 (1995) (appellate court will not consider issue not raised below), and because the record is inadequate for such a review.

¶9 The state next argues that "release on any other basis" includes the release of a defendant on his or her own recognizance pending sentencing, as Barnett was here. The state asserts that subsection (d) does not pertain only to post-conviction release because such an interpretation would render subsection (b) of § 13-3101(A)(6) superfluous. That subsection defines a prohibited possessor as any person "[w]ho has been convicted within or without this state of a felony or who has been adjudicated delinquent and whose civil right to possess or carry a gun or firearm has not been restored." The state contends there would be no need for subsection (d) if it only pertained to post-conviction release because

---

[3]Nothing in the record shows when the trial court accepted Barnett's guilty plea on the drug charges. *See State v.Thompson*, 200 Ariz. 439, ¶ 7, 27 P.3d 796, 798 (2001) ("[o]ne is convicted when there has been a determination of guilt by verdict, finding, or the acceptance of a plea."). The record contains no transcripts of Barnett's change-of-plea hearing on the drug charges. Accordingly, we do not know whether the trial court accepted Barnett's guilty plea at the the hearing or deferred accepting it until sentencing. The record does contain, however, a concession by the state that no judgment of guilt had yet been entered on those charges at the time Barnett was arrested on the prohibited possessor charge. *See* Ariz. R. Crim. P. 26.1(a)-(c); 26.2(b), 17 A.R.S.

5

defendants who have been convicted of a felony offense are already deemed to be prohibited possessors under subsection (b).

**¶10** Barnett, however, offers another interpretation. He argues that all the other types of release listed in subsection (d) require a "final adjudication" before a person loses the right to possess a firearm. Barnett points out that placement on probation for domestic violence or a felony offense or placement on parole, community supervision, work furlough, and home arrest can only result after a judgment of conviction and sentence. Barnett contends that "[i]t [would] seem[] anomalous that the statute would create a single exception to the prerequisite of a final adjudication."

**¶11** We first look to the plain language of the statute to determine legislative intent. *State v. George*, 206 Ariz. 436, 79 P.3d 1050 (App. 2003). The language here is subject to different interpretations. And, although the parties offer different plausible interpretations of this clause, we cannot be sure what other types of release the legislature meant. The trial court reasoned that, perhaps, there was "some hybrid release that you can have from prison" in addition to the several forms of post-conviction release already described in subsection (d). For example, Arizona law provides an avenue for post-conviction release from confinement pending appeal from the judgment of guilt and sentence or placement on a term of probation. *See* Ariz. R. Crim. P. 7.2(b)(1), 16A A.R.S.; *but see* A.R.S. § 13-3961.01; *State v. Kearney*, 206 Ariz. 547, 81 P.3d 338 (App. 2003).

6

¶12       We conclude from this confusion that the statute is ambiguous on its face and, consequently, are unable to determine legislative intent based on its plain language. Thus, we must turn to other canons of statutory construction to determine its meaning. *See Kyle v. Daniels*, 198 Ariz. 304, ¶ 8, 9 P.3d 1043, 1045 (2000) ("When faced with ambiguous statutes we apply our canons of statutory construction, considering background and context in an attempt to discover true legislative intent.").

¶13       In so doing, we find helpful the history of § 13-3101. The section was enacted in 1978 and has been amended several times. The legislature added subsection (d) in 1993, defining a prohibited possessor as any person "[w]ho is at the time of possession serving a term of parole, work furlough, home arrest or release on any other basis." 1993 Ariz. Sess. Laws, ch. 13, § 1. In 1994, the legislature added "community supervision" to the list in subsection (d). 1994 Ariz. Sess. Laws., ch. 236, § 8.

¶14       In 2000, the phrase "pursuant to a conviction for a domestic violence offense as defined in section 13-3601 or a felony offense" was inserted, leaving the remainder of the subsection unchanged. 2000 Ariz. Sess. Laws, ch. 143, § 1. That the legislature retained the phrase "serving a term" throughout while serially adding other types of release persuades us that it intended subsection (d) to apply only to a person who is "serving a term" of one of the listed releases. We interpret that phrase, as it currently reads, to require that a person be "serving a term" of probation, parole, community supervision, work furlough, home arrest, or release on any other basis. To be "serving a term," a person must have been first

7

convicted of a crime and either sentenced to a term of confinement and then released or have been placed on probation.

¶15 We also find the *ejusdem generis* canon of construction applicable. "This rule provides that general words which follow the enumeration of particular classes of persons or things should be interpreted as applicable only to persons or things of the same general nature or class." *State v. Barnett*, 142 Ariz. 592, 596, 691 P.2d 683, 687 (1984). The general nature or class at issue includes those "serving a term" of "probation" or "parole, community supervision, work furlough, [or] home arrest." § 13-3101(A)(6)(d). A person on any of those forms of release must have been first convicted of an offense before being later released to one of the listed types of release. The same, it follows, would be true of one "release[d] on any other basis," such as release pending appeal.

¶16 The rule of lenity further supports our conclusion. The rule of lenity requires that, when we analyze and construe penal statutes susceptible to different interpretations, we resolve all doubts in the defendant's favor. *Johnson; see also State v. Anderson*, 199 Ariz. 187, ¶ 27, 16 P.3d 214, 220 (App. 2000) ("Where a statute is subject to more than one interpretation, the rule of lenity requires that doubts be resolved in favor of the defendant and against imposing the harsher punishment."). Applying the rule of lenity here supports an interpretation of § 13-3101(A)(6)(d) that a person be "serving a term" to be a prohibited possessor of a deadly weapon.

8

¶17    Section 13-904, A.R.S., also supports our analysis. Section 13-904 states that a person's right to possess a gun or firearm is suspended when the person is convicted of a felony. When Barnett was arrested for being a prohibited possessor, he had been released on his own recognizance pending sentencing on September 9 on the drug charges. Thus, applying § 13-904, Barnett's civil right to possess a firearm had not yet been suspended when he was arrested on September 2.

¶18    Because we conclude that "release on any other basis" requires that a person be "serving a term," and because Barnett had neither been sentenced to a term of confinement nor placed on a probationary term at the time of the charged offenses, he could not have been in violation of § 13-3101(A)(6)(d) when he was arrested for possessing a deadly weapon. Accordingly, the trial court did not err in granting his motion to dismiss the charges.

¶19    Affirmed.

_____
J. WILLIAM BRAMMER, JR., Judge

CONCURRING:


_____
JOSEPH W. HOWARD, Presiding Judge


_____
PETER J. ECKERSTROM, Judge

9