249 P.3d 1116

**STATE of Arizona, Appellee,**

v.

**William Paul RUSSELL, Appellant.**

**No. 1 CA–CR 10–0376.**

Court of Appeals of Arizona, Division 1, Department B.

April 5, 2011.

Thomas C. Horne, Arizona Attorney General By Kent E. Cattani, Chief Counsel, Criminal Appeals/Capital Litigation Section and Aaron J. Moskowitz, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender By Thomas K. Baird, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

KESSLER, Presiding Judge.

¶ 1 William Paul Russell ("Russell") appeals the trial court's rulings revoking his probation and sentencing him to a term of imprisonment in the Arizona Department of Corrections ("ADOC"). Russell contends the court erred by holding that Arizona Revised Statutes ("A.R.S.") section 13–917(B) (2010)[1] required it to sentence him to ADOC upon revoking his intensive probation for using marijuana, a class 6 felony. Russell argues that because A.R.S. § 13–604(A) (2010) permits a court to designate a class 6 felony as a misdemeanor, the court could have considered his use of marijuana as a misdemeanor and imposed further probation instead of prison. The trial court correctly held, however, that a felony offense remains a felony unless and until a court designates it a misdemeanor after conviction. At the time the court revoked his probation, Russell had not been convicted of the drug offense. Thus, the court did not err in finding Russell's use of marijuana was a felony offense and in imposing a mandatory prison sentence pursuant to A.R.S. § 13–917(B). Accordingly, we affirm.

1. We cite the current version of applicable statutes because no revisions material to this deci-

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 In August 2009, Russell pled guilty to aggravated assault. The trial court suspended imposition of Russell's sentence, imposed a deferred term of six months in jail, and placed Russell on intensive probation for three years. The terms of Russell's probation forbade him from using illegal drugs.

¶ 3 At a hearing three months after Russell started probation, the trial court found he violated his probation by using marijuana, and the court revoked his probation. Russell argued that because his marijuana use could be considered a misdemeanor, the court could have imposed further probation. The court disagreed, concluding that A.R.S. § 13–917(B) requires a term of incarceration because section 13–604(A) provides that a class six felony is treated as a felony for all purposes until the court designates it a misdemeanor, and such designation had not occurred. The court then sentenced Russell to a two-year term of imprisonment for the underlying aggravated assault conviction.

¶ 4 Russell timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. § 13–4033(A) (2010).

## DISCUSSION

¶ 5 As he contended below, Russell argues that the trial court erred as a matter of law by holding that section 13–917(B) required it to impose a term of imprisonment because the court could have designated the marijuana offense as a misdemeanor. We disagree.

**I. A trial court may designate a class 6 felony as a misdemeanor only after conviction of the felony.**

¶ 6 "If the language of a statute is clear and unambiguous, we must give it effect without resorting to any rules of statutory construction." *State v. Barnett,* 209 Ariz. 352, 354, ¶ 7, 101 P.3d 646, 648 (App.2004) (quoting *State v. Johnson,* 171 Ariz. 39, 41,

sion have since occurred.

418

827 P.2d 1134, 1136 (App.1992)). This Court reviews *de novo* a trial court's interpretation of a statute. *State v. Estrada,* 201 Ariz. 247, 250, ¶ 15, 34 P.3d 356, 359 (2001).

¶ 7 Pursuant to A.R.S. § 13–604(A), "if a person is *convicted* of any class 6 felony not involving a dangerous offense" and the trial court finds "it would be unduly harsh to *sentence* the defendant for a felony, the court may *enter judgment of conviction* for a class 1 misdemeanor ... or may place the defendant on probation ... and refrain from designating the offense as a felony or misdemeanor until the probation is terminated. The offense shall be treated as a felony for all purposes until such time as the court may actually enter an order designating the offense a misdemeanor." (Emphasis added).

¶ 8 The language of the statute is clear: the trial court's discretion to designate a felony as a misdemeanor applies only *after* a defendant is convicted of a class 6 felony. *State v. Arana,* 173 Ariz. 370, 371, 843 P.2d 652, 653 (1992) (holding that the predecessor to A.R.S. § 13–604(A) "is only applicable to persons convicted of class 6 felonies").[2]

¶ 9 Thus, only after conviction of a class 6 felony may the trial court designate a felony offense a misdemeanor, if the conviction is eligible for such designation.

**II.  The trial court's finding that Russell committed a felony offense required it to sentence Russell to prison under A.R.S. § 13–917(B).**

¶ 10 Pursuant to A.R.S. § 13–917(B), if "a petition to revoke the period of intensive probation is filed and the court finds that the person has committed an additional felony offense ... the court shall revoke the period of intensive probation and impose a term of imprisonment as authorized by law." *See State v. Taylor,* 187 Ariz. 567, 569–70, 931 P.2d 1077, 1079–80 (App.1996) (holding that a

violation of the probation term that forbids use of a controlled substance constituted a felony offense, requiring a mandatory prison sentence pursuant to A.R.S. § 13–917(B)). A "felony" is an offense for which imprisonment is "authorized by any law of this state." A.R.S. § 13–105(18) (2010). Possession of less than two pounds of marijuana for personal use is a class 6 felony. A.R.S. § 13–3405(B)(1) (Supp.2010).

¶ 11 Here, the trial court found that the State proved by a preponderance of the evidence that Russell used marijuana. The above statutes deem marijuana use a felony and authorize imprisonment as punishment for the offense.

¶ 12 The State had not charged Russell with the marijuana offense at the time of the revocation hearing. Even had he been charged, the trial court could not have designated the marijuana offense a misdemeanor until after he was convicted of the offense. Therefore, A.R.S § 13–604(A) did not apply, much less override, A.R.S. § 13–917(B). The court correctly held that A.R.S. § 13–917(B) required it to sentence Russell to prison on his underlying aggravated assault charge.

## CONCLUSION

¶ 13 For the foregoing reasons, we affirm the trial court's order revoking Russell's probation and sentencing him to the Arizona Department of Corrections.

CONCURRING: DIANE M. JOHNSEN and SHELDON H. WEISBERG, Judges.

---

2.  Thus, Russell's reliance on *Arana* is misplaced. That decision does not permit a trial court to treat a felony offense as a misdemeanor before conviction. Russell's reliance on *State v. Arbolida,* 206 Ariz. 306, 78 P.3d 275 (App.2003), is also misplaced. In *Arbolida,* we reversed a trial court's determination that it could not apply the

predecessor statute to A.R.S. § 13–604 if the defendant had an historical prior felony. *Id.* at 308, ¶ 8, 78 P.3d at 277. However, in that case the court sentenced the defendant after he was convicted of a felony, not after a probation revocation when there was not yet a felony conviction. *Id.* at 307, ¶ 2, 78 P.3d at 276.