CONCURRING: PHILIP G. ESPINOSA and MICHAEL MILLER, Judges.

298 P.3d 911

**STATE Of Arizona, Appellee,**

**v.**

**Thomas John BURNS, Jr., Appellant.**

**Nos. 1 CA–CR 12–0416, 1 CA–CR 12–0418.**

Court of Appeals of Arizona,
Division 1, Department C.

April 16, 2013.

As Modified April 30, 2013.

Thomas C. Horne, Attorney General By Kent E. Cattani, Chief Counsel, Criminal Appeals/Capital Litigation Section, Andrew Reilly, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender By Spencer D. Heffel, Deputy Public Defender, Phoenix, Attorneys for Appellant.

JOHNSEN, Judge.

¶ 1 A jury convicted Thomas John Burns, Jr., of a burglary he committed while on lifetime probation for two prior felonies. On appeal, Burns argues and the State concedes that his probation should have been revoked and he should have been sentenced to prison on his prior convictions pursuant to Arizona Revised Statutes ("A.R.S.") section 13–708(C) (West 2013).[1] We hold § 13–708(C) requires that when a defendant is convicted after a trial of a new offense committed while on lifetime probation, the court may not reinstate the defendant on probation, but must revoke the defendant's probation and impose sentence on the prior offense.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 At his burglary trial in April 2012, Burns admitted five prior felony convictions. With respect to the current charge, Burns admitted he entered the victim's home on the day of the burglary, but testified he stole nothing.

¶ 3 The jury convicted Burns of second-degree burglary, a Class 3 felony, and found four aggravating circumstances. As a category-three repetitive offender who committed the offense while on felony probation, Burns was subject to a sentencing range of between 11.25 and 25 years. A.R.S. § 13–703(C), (J) (West 2013), –708(C). The superior court sentenced him to an aggravated term of 15.25 years' incarceration with 235 days' presentence credit.

¶ 4 At the time Burns committed the burglary, he was on lifetime supervised probation imposed in 2002 after he pled guilty to two charges of indecent exposure, Class 6 non-dangerous felonies. In conjunction with the burglary proceeding, the court found Burns violated his probation by committing the burglary, and, at the same hearing at which it imposed sentence on the burglary conviction, the court reinstated Burns's lifetime probation to begin upon his completion of the burglary sentence. In addressing Burns's probation violation, the court acknowledged that when a defendant on probation commits a new felony, A.R.S. § 13–708(C) requires the sentencing court to revoke probation and impose a sentence on the prior offense. The court explained, however, that it viewed lifetime probation as an unstated exception to that statutory rule.

¶ 5 We have jurisdiction of Burns's timely appeal of both judgments pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12–120.21(A)(1) (West 2013), 13–4031 (West 2013) and –4033(A)(1) (West 2013).

## DISCUSSION

### A. Standard of Review.

 ¶ 6 We review a superior court's sentencing decision for an abuse of discretion. *State v. Arbolida*, 206 Ariz. 306, 307, ¶ 5, 78 P.3d 275, 276 (App.2003). The court abuses its discretion if it "commits an error of law in reaching the decision." *Files v.*

---

1. Absent material revisions after the date of an alleged offense, we cite a statute's current version.

*Bernal,* 200 Ariz. 64, 65, ¶ 2, 22 P.3d 57, 58 (App.2001). "A trial court has no jurisdiction to impose probationary terms except as provided by the legislature." *Coy v. Fields,* 200 Ariz. 442, 444, ¶ 4, 27 P.3d 799, 801 (App. 2001).

¶ 7 A sentence imposed in violation of the law generally constitutes fundamental error. *State v. Munninger,* 213 Ariz. 393, 397, ¶ 11, 142 P.3d 701, 705 (App.2006). While probation technically is not a sentence, *Coy,* 200 Ariz. at 443, ¶ 3, n. 2, 27 P.3d at 800, an illegal term of probation constitutes fundamental error equivalent to an illegal sentence, *see Jackson v. Schneider,* 207 Ariz. 325, 328, ¶ 10, 86 P.3d 381, 384 (App.2004) (citing *State v. Bouchier,* 159 Ariz. 346, 347, 767 P.2d 233, 234 (App.1989)).

### B. Burns Should Have Been Sentenced to Prison on the Prior Offenses.

¶ 8 In relevant part, A.R.S. § 13–708(C) provides:

A person who is convicted of any felony offense ... committed while the person is on probation for a conviction of a felony offense ... shall be sentenced to a term of not less than the presumptive sentence authorized for the offense.... A sentence imposed pursuant to this subsection shall revoke the convicted person's release if the person was on release and shall be consecutive to any other sentence from which the convicted person had been temporarily released or had escaped....

As applicable here, when a defendant is convicted after a trial of a non-dangerous felony while on probation, the statute requires the court to "revoke the convicted person's release" on the prior offense and impose a consecutive sentence of "not less than the presumptive" on the new offense. A.R.S. § 13–708(C).[2]

¶ 9 The State agrees with Burns that § 13–708(C) required the court to revoke Burns's lifetime probation and impose sentences on the indecent exposure convictions and a con-

secutive sentence on the burglary conviction. Because the mandate of § 13–708(C) allows no discretion under these circumstances, the reinstatement of Burns to lifetime probation constitutes fundamental error requiring reversal even though he did not object at sentencing. *See State v. Lewandowski,* 220 Ariz. 531, 533, ¶ 4, 207 P.3d 784, 786 (App. 2009) (order prematurely reducing criminal fines to restitution order, in violation of statutory mandate, is illegal sentence that constitutes fundamental error); *State v. Thues,* 203 Ariz. 339, 340, ¶ 4, 54 P.3d 368, 369 (App. 2002) (erroneous use of prior felony to enhance sentence could constitute fundamental error).[3]

¶ 10 In reinstating Burns's probation, the superior court identified an "inconsistency" that while a convicted felon is not entitled to reject lifetime probation in favor of incarceration after the court has imposed probation, *Demarce v. Willrich,* 203 Ariz. 502, 506, ¶ 16, 56 P.3d 76, 80 (App.2002), a felon on probation might be able to achieve the same result by committing a felony to which the mandatory revocation requirement of § 13–708(C) applies. The State makes the same observation in its answering brief, calling it a "curious outcome." The plain language of § 13–708(C), however, appears to require that result.

¶ 11 As for the nature of our remand, the State contends we should vacate and remand the burglary sentence so that the superior court may reconsider that sentence when it sentences Burns on the two indecent exposure convictions. The State argues *de novo* resentencing is the only way to cure the failure to impose sentence on the two prior felonies because a sentence is a "package" of sanctions the court imposes to effectuate its sentencing intent.

¶ 12 In support of its contention, the State argues that at sentencing, the superior court expressed its desire to serve the best interests of the community by reinstating Burns's lifetime probation. We do not agree that the

---

2. Because Burns was sentenced after a trial, this appeal does not address the situation in which a defendant enters a plea agreement under which the State agrees to waive the sentencing enhancement under A.R.S. § 13–708(C). *See generally* Ariz. R. Crim. Proc. 17.4(a) ("The parties may negotiate concerning, and reach an agreement on, any aspect of the case.").

3. According to the sentencing transcript, the court asked counsel if they had considered the effect of § 13–708(C) on the matter. Burns's counsel replied, "I just do not know.... It seems to me that it would be a mandatory revocation." Burns's counsel did not press the issue with the court, however, stating that he had "indicated to" Burns that "I am going to be requesting our appellate people to look at the matter."

record shows that the superior court likely would have imposed a prison term greater than 15.25 years on the burglary conviction if it had understood it was required to revoke Burns's lifetime probation on the prior convictions.

¶ 13 At sentencing, the court remarked that it was not going to revoke Burns's probation "because I do believe it's in the better interest of the community to have him reinstated on the lifetime grants ... in the 2002 case. He can always be revoked on one of those grants at a later time if he continues to be noncompliant." We take this comment to mean only that the court would exercise any discretion it had to reinstate lifetime probation rather than incarceration, not that it would have imposed a greater sentence on the burglary conviction if it could not reinstate Burns on probation on the other offenses.

¶ 14 For this reason, we are not persuaded by the State's citation to *State v. MacGillivray,* 162 Ariz. 539, 785 P.2d 59 (App.1989), where the record (not described in the decision) apparently was different. By contrast to the implication in *MacGillivray,* there is no indication in the record here that the aggravated sentence the court imposed on the burglary conviction was colored by its erroneous belief that it could reinstate lifetime probation on the other counts. *See State v. Nguyen,* 208 Ariz. 316, 318, ¶ 9, 93 P.3d 516, 518 (App.2004) (when probationer is sentenced after violating probation by committing another offense, the sentence the court imposes on the original offense "is separate and factually unrelated to the new crime").

¶ 15 Therefore, although we affirm the superior court's conclusion that Burns violated his probation in CR2002–093795, we hold the court erred by reinstating lifetime probation contrary to A.R.S. § 13–708(C). We vacate its reinstatement of lifetime probation; on remand, the court shall sentence Burns to prison on the two indecent exposure convictions.

## C. Burns Is Entitled to 236 Days of Presentence Incarceration Credit on the Burglary Charge.

¶ 16 Burns was taken into custody on the burglary charge on October 26, 2011, and sentenced on June 18, 2012. He therefore was entitled to 236 days' presentence incarceration; however, the superior court awarded him only 235 days. As the State concedes, Burns is entitled to the additional day of credit. *See* A.R.S. § 13–712(B) (West 2013) (defendant entitled to credit for all time spent in custody pursuant to an offense until the defendant is sentenced to imprisonment for such offense). Thus, Burns's burglary conviction and sentence in CR2011–155319–001 are modified to reflect 236 days' credit.

## CONCLUSION

¶ 17 For the foregoing reasons, in CR2011–155319–001, we affirm Burns's burglary conviction and the sentence imposed, but modify the judgment to reflect presentence incarceration credit of 236 days. In CR2002–093795, we affirm the judgment finding that Burns violated his probation, but vacate the portion of the judgment reinstating lifetime probation and remand to the superior court for sentencing in accordance with A.R.S. § 13–708(C).

CONCURRING: SAMUEL A. THUMMA, Presiding Judge, and MICHAEL J. BROWN, Judge.