NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JUAN JESUS LEBARIO, *Appellant*.

Nos. 1 CA-CR 13-0797
1 CA-CR 14-0007
(Consolidated)

FILED 3-31-2015

Appeal from the Superior Court in Maricopa County
No. CR2010-005401-001
The Honorable Peter C. Reinstein, Judge

**AFFIRMED IN PART; VACATED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Myles A. Braccio
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

## MEMORANDUM DECISION

Chief Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Patricia A. Orozco joined.

J O H N S E N, Judge:

¶1        A jury convicted Juan Jesus Lebario of theft of means of transportation for stealing a vehicle at gunpoint. A few years later, another jury convicted Lebario of armed robbery and aggravated assault in connection with the same series of events. For the following reasons, we vacate the armed robbery conviction and sentence but affirm the aggravated assault conviction and sentence.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Lebario stole a bank teller's truck at gunpoint from the parking lot of a Peoria bank.[1] A woman who saw the theft followed Lebario as he drove away in the truck. Lebario noticed the woman tailing him and tried to elude her. Unsuccessful, he pulled over and stopped the truck. As the woman stopped behind him, Lebario got out of the truck and aimed a gun at her, causing her to flee.

¶3        Still at large the next day, Lebario drove past a police officer on a highway near Tucson. The officer signaled Lebario to pull over, but he kept driving. Eventually Lebario fired several gunshots at the officer and drove away. A high-speed chase ensued, ending with Lebario's arrest after his truck hit a row of spike strips.

¶4        A Pima County superior court jury convicted Lebario of attempted first-degree murder, aggravated assault, drive-by shooting, theft of means of transportation, fleeing from law enforcement vehicle and criminal damage. All of the convictions were based on acts occurring near Tucson, with the exception of theft of means of transportation, which was

---

[1]        Upon review, we view the facts in the light most favorable to sustaining the jury verdicts and resolve all inferences against Lebario. *See State v. Nelson*, 214 Ariz. 196, 196, ¶ 2 (App. 2007).

based on the theft of the bank teller's truck in Peoria. The Pima County superior court sentenced Lebario to a total of 50 years' incarceration.

¶5        A few years later, Lebario was tried on additional charges in Maricopa County arising from events surrounding the theft of the truck. A jury convicted him of armed robbery and aggravated assault, and the court imposed concurrent sentences of 15.75 years for armed robbery and 11.25 years for aggravated assault, to be served consecutively to the Pima County sentences. The armed robbery conviction, like the Pima County conviction of theft of means of transportation, was based on Lebario's theft of the bank teller's truck at gunpoint.

¶6        Lebario filed a timely appeal from the Maricopa County convictions. He does not dispute his conviction and sentence for aggravated assault, but argues that his armed robbery conviction should be vacated because, among other reasons, it violates the prohibition against double jeopardy. This court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, -4033(A) (2015).[2]

## DISCUSSION

¶7        This court "review[s] claims of double jeopardy de novo." *State v. Braidick*, 231 Ariz. 357, 359, ¶ 6 (App. 2013). The double jeopardy provisions of the United States and Arizona constitutions prohibit subsequent prosecution for a greater offense once a defendant has been tried on a lesser-included offense. *State v. Mounce*, 150 Ariz. 3, 5 (App. 1986). In *State v. Garcia*, 235 Ariz. 627, 631, ¶ 11 (App. 2014), issued after the Maricopa County superior court sentenced Lebario in this case, this court held that theft of means of transportation is a lesser-included offense of armed robbery. Under *Garcia*, because Lebario first was convicted in Pima County of the lesser-included offense of theft of means of transportation, his subsequent armed robbery conviction in Maricopa County – based on the same incident – violates the prohibition against double jeopardy.

¶8        The State concedes that, pursuant to *Garcia*, this court should vacate Lebario's armed robbery conviction and sentence. It argues, however, that this court should vacate and remand the sentence imposed in the Maricopa County matter on the aggravated assault conviction. The State contends that absent the armed robbery conviction, the court might

---

[2]        Absent material revisions after the date of an alleged offense, we cite a statute's current version.

have imposed a greater sentence for the aggravated assault. But during the sentencing hearing, the superior court described what it had considered in imposing the respective sentences, and nothing in the record suggests its imposition of one sentence was influenced by the other. *See State v. Burns*, 231 Ariz. 563, 565-66, ¶¶ 11-15 (App. 2013) (declining to remand for resentencing on companion charge where record did not indicate that court's sentencing decision on one charge was related to its decision on the other). The superior court weighed aggravating and mitigating factors and imposed a presumptive sentence for the aggravated assault, which is what the State requested. Accordingly, this court will not grant the State's request to vacate and remand that sentence.

## CONCLUSION

**¶9**		For the foregoing reasons, Lebario's armed robbery conviction and sentence are vacated, but his Maricopa County aggravated assault conviction and sentence are affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama