NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SEMICE BELL, *Appellant.*

No. 1 CA-CR 22-0354
FILED 2-1-2024

Appeal from the Superior Court in Maricopa County
No. CR2021-002125-001
The Honorable Monica S. Garfinkel, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

The Susser Law Firm PLLC, Chandler
By Adam M. Susser
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

_____

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge James B. Morse Jr., and Judge Cynthia J. Bailey joined.

_____

**F U R U Y A**, Judge:

¶1          Semice Bell appeals the superior court's sentence of 20 years' imprisonment for Manslaughter, a Class 2 dangerous and repetitive felony, which is greater than the presumptive term for this offense. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          In September 2021, Bell shot and killed D.M. at an apartment complex in Phoenix because he believed D.M. had stolen his drugs.

¶3          Soon after, police officers arrested Bell and found the firearm used to shoot D.M. wrapped in a towel on the ground next to Bell.

¶4          In October 2021, a grand jury indicted Bell for one count of Murder in the Second Degree, a Class 1 dangerous felony. The indictment alleged the crime was a dangerous offense because it involved the use of a deadly weapon or dangerous instrument (the "dangerousness allegation"). The following month, the State alleged several aggravators, including: two historical prior felonies, two non-historical prior felonies, and 25 separate aggravating circumstances.

¶5          After trial, the jury found Bell guilty of the lesser-included offense of Manslaughter and separately found the dangerousness allegation proven. The jury's verdict did not specify whether the dangerousness allegation was an enhancing or aggravating circumstance. And the jury did not make any findings regarding the other alleged aggravating circumstances.

¶6          Bell filed a motion to strike "allegations of aggravating factors," claiming, as relevant, that the jury's failure to designate the dangerousness allegation as an aggravating circumstance precluded the court from aggravating his sentence. The court denied the motion. The court sentenced Bell, as a non-dangerous, category-three repetitive

offender, to a greater than presumptive term of 20 years' imprisonment under Arizona Revised Statutes ("A.R.S.") §§ 13-702, -704, and -710.

¶7 Bell timely appealed and we have jurisdiction under A.R.S. §§ 12-2101(A)(1), 13-4031, and 13-4033(A)(4).

## DISCUSSION

¶8 On appeal, Bell contends the superior court violated *Blakely v. Washington*, 542 U.S. 296 (2004), when it used the dangerousness allegation to aggravate his sentence. Bell reasons (1) that the State intended the dangerousness allegation to enhance his sentencing range and the court erred by instead using it to aggravate his sentence; and (2) the jury did not designate its finding regarding the dangerousness allegation as an aggravating circumstance.

¶9 Bell argues our review of the *Blakely* issues should be conducted under the abuse of discretion standard, referring to his motion to strike and citing *State v. Burns*, 231 Ariz. 563, 564–65 (App. 2013). The State argues that Bell's *Blakely* claim was not fairly raised to the superior court in the motion to strike and therefore we should review only for fundamental, prejudicial error. *See State v. Escalante*, 245 Ariz. 135, 140 ¶ 12 (2018) (explaining when a defendant fails to raise an objection before the trial court, "we will not reverse unless the court committed error that was both fundamental and prejudicial."). But we need not decide whether the abuse of discretion standard or the fundamental error standard applies because, as explained below, we conclude the superior court did not commit a *Blakely* error regardless of the standard of review applied. *Burns*, 231 Ariz. at 564.

¶10 Under *Blakely*, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 542 U.S. at 301 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). At bottom, Bell contends the court could aggravate his sentence only if the jury had expressly identified facts specifically as "aggravating circumstances." We agree with the State that Bell misconstrues the language of *Blakely*.

¶11 Per *Blakely*, facts establishing an aggravating circumstance must be submitted to the jury for a finding beyond a reasonable doubt. *Id.* Said differently, facts need not be specifically designated and addressed as sentence aggravators to be used for that purpose, so long as those facts were found by a jury beyond a reasonable doubt. *See State v. Cropper*, 206 Ariz.

153, 156, ¶ 10 n.2 (2003) (stating that aggravating factors may be "implicitly established" by a jury's verdict "even though the aggravator itself was not found by a jury").

**¶12**　　　Here, the jury found, beyond a reasonable doubt, that D.M.'s killing "involved the discharge, use or threatening exhibition of a handgun, deadly weapon or dangerous instrument." This fact constitutes a qualifying[1] "aggravating circumstance[]" that the court could consider. *See* A.R.S. § 13-701(D)(2) (requiring the court consider "[u]se, threatened use or possession of a deadly weapon or dangerous instrument during the commission of the crime" as an aggravating factor (emphasis added)). Thus, the jury's finding allows the court to impose a greater than presumptive sentence. *See State v. Martinez*, 210 Ariz. 578, 585 ¶ 26 (2005) ("[O]nce a jury finds or a defendant admits a single aggravating factor, the Sixth Amendment permits the sentencing judge to find and consider additional factors relevant to the imposition of a sentence up to the maximum prescribed in that statute."). Because the court's sentence was supported by a qualifying fact under A.R.S. § 13-701(D)(2)[2] found by a jury beyond a reasonable doubt, Bell has failed to establish any error, let alone fundamental error. *See Burns*, 231 Ariz. at 564; *Escalante*, 245 Ariz. at 142 ¶ 21.

**¶13**　　　Bell also contends that because the State alleged the dangerous nature of his offense as an enhancer pursuant to A.R.S. § 13-704 only for the Second-Degree Murder charge, the State could not use that circumstance as an aggravator for Manslaughter, the crime of his conviction. In so arguing, Bell claims that the dangerousness allegation was subject to a different evidentiary standard depending on the purpose for which it was alleged. But nothing in this record supports his claim. To the contrary, the jury's verdict form, to which Bell did not object, shows the dangerousness allegation was "proven," as to Manslaughter. And further, the jury received instruction on only one burden of proof—beyond a

---

[1]　　　Section 13-701(D)(2) excludes "use or possession of a deadly weapon or dangerous instrument" as an aggravating circumstance under conditions not applicable to Bell.

[2]　　　Because we conclude the jury's finding that Bell used a deadly weapon during the commission of the crime of which he was convicted complies with the requirements of *Blakely*, we do not reach his other arguments regarding use of serious physical injury as an additional aggravating circumstance. *See* A.R.S. § 13-701(C) (requiring only one aggravating factor to impose maximum sentence).

reasonable doubt—and we presume the jury followed that instruction. *See State v. Smith*, 228 Ariz. 126, 129 ¶ 11 (App. 2011). Because Bell's contention is unsupported by the record and is inconsistent with the court's instructions on the applicable burden of proof, Bell has failed to establish any error.

**¶14**      Bell further suggests the State's failure to amend its allegations specific to aggravating circumstances to include use of a deadly weapon or dangerous instrument deprived him of notice that his sentence could be aggravated, thus violating his due process rights. But Bell's use of a deadly weapon or dangerous instrument was alleged in the indictment via the dangerousness allegation. And the jury found this fact "proven" based upon the evidence adduced at trial, after hearing argument from both counsel, and presumptively following the court's instruction on the burden of proof. *Id.* Moreover, the State disclosed its intent to seek an aggravated sentence in its sentencing memorandum, giving Bell an opportunity to make these arguments during the sentencing proceedings. *See State v. Williams*, 144 Ariz. 433, 442 (1985) (holding that a defendant is not prejudiced if he has "timely notice" of the prosecutor's intent before trial). However, Bell never raised the notice objection to the superior court, and we discern no fundamental error. *See Escalante*, 245 Ariz. at 142 ¶ 21 (under fundamental error review, a defendant bears the burden on appeal to establish "that (1) the error went to the foundation of the case, (2) the error took from the defendant a right essential to his defense, *or* (3) the error was so egregious that he could not possibly have received a fair trial. If the defendant establishes fundamental error under prongs one or two, he must make a separate showing of prejudice.").

**¶15**      Accordingly, the court did not err in sentencing Bell to a greater than presumptive term of 20 years' imprisonment for Manslaughter.

## CONCLUSION

**¶16**      We affirm.

