736 P.2d 386

**STATE of Arizona, Appellee,**

v.

**Lyn WINTON, Appellant.**

**Nos. 1 CA–CR 9647, 1 CA–CR 9648.**

Court of Appeals of Arizona,
Division 1, Department A.

Jan. 22, 1987.

Review Denied May 5, 1987.

Robert K. Corbin, Atty. Gen., William J. Schafer, III, Chief Counsel, Criminal Div. by John B. Barkley, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by John W. Rood, III, Deputy Public Defender, Phoenix, for appellant.

FROEB, Chief Judge.

This is a consolidated appeal involving sentences for two separate criminal offenses. Maricopa County Cause No. CR–141747 (1 CA–CR 9647) arises out of a charge of theft for which appellant was placed on probation. Maricopa County Cause No. CR–150359 (1 CA–CR 9648) arises out of a later charge of attempted computer fraud. In a proceeding which led to this appeal, appellant's probation on the theft charge was revoked, her guilty plea on the attempted computer fraud charge was accepted, and appellant was sentenced on both crimes. We affirm.

On July 20, 1984, appellant was charged with theft, a class 3 felony, and possession of marijuana, a class 6 felony. Pursuant to a plea agreement, she pled guilty on August 22, 1984, to theft, a class 6 undesignated offense. At that time, A.R.S. § 13–702(G) was in effect. The significance of the statute for this case is that it required the trial court to designate the sentence either a misdemeanor or felony at the time of sentencing. The statute read:

Notwithstanding any other provision of this title, if a person is convicted of any class 6 felony not involving the intentional or knowing infliction of serious physical injury or the use of a deadly weapon or dangerous instrument and if the court, having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that it would be unduly harsh to sentence the defendant for a felony, the court may enter judgment of conviction for a class 1 misdemeanor and make disposition accordingly.

An amendment to A.R.S. § 13–702(G) became effective on August 3, 1984, and the designation was changed to A.R.S. § 13–702(H). The amendment allowed the trial court to postpone the designation of the crime until the termination of the probation. With emphasis on the amended portion, it reads:

Notwithstanding any other provision of this title, if a person is convicted of any class 6 felony not involving the intentional or knowing infliction of serious physical injury or the use of a deadly weapon or dangerous instrument and if the court, having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that it would be unduly harsh to sentence the defendant for a felony, the court may enter judgment of conviction for a class 1 misdemeanor and make disposition accordingly *or may place the defendant on probation in accordance with chapter 9 of this title and refrain from designating the offense as a felony or misdemeanor until the probation is terminated.* The

offense shall be treated as a felony for all purposes until such time as the court may enter an order designating the offense a misdemeanor.

(Emphasis added.)

On August 22, 1984, the trial court entered its judgment of conviction, placed appellant on probation for three years, and provided that the offense would remain undesignated until probation was terminated.

On July 26, 1985, a petition to revoke appellant's probation was filed, and on August 1, 1985, appellant was charged with three counts of computer fraud. Pursuant to a plea agreement, appellant pled guilty to one count of attempted computer fraud, a class 4 felony.

On November 18, 1985, the court revoked appellant's probation on the theft offense based upon her admission of attempted computer fraud and designated the theft offense a felony. She was sentenced to a presumptive term of 1.5 years. The court also sentenced appellant on the attempted computer fraud charge to four years, the presumptive term for a nondangerous felony committed while a defendant is on probation for a prior felony. This appeal involves the order revoking probation on the theft offense, the judgment of guilt on the attempted computer fraud offense, and both sentences.

Appellant argues that her original sentence on the theft offense was illegal because under A.R.S. § 13–702(G), the statute in effect at the time she committed the crime, the court was prohibited from deferring designation of the offense as a felony or misdemeanor. *State v. Sweet,* 143 Ariz. 266, 693 P.2d 921 (1985); *State v. Wright,* 131 Ariz. 578, 643 P.2d 23 (App.1982). Thus, she argues, her sentence pursuant to A.R.S. § 13–702(H) violated A.R.S. § 1–246, which provides:

When the penalty for an offense is prescribed by one law and altered by a subsequent law, the penalty of such second law shall not be inflicted for a breach of the law committed before the second took effect, but the offender shall be

punished under the law in force when the offense was committed.

The state responds that the sentence was valid because the statute in effect at the time of sentencing permitted the trial court to defer designation of the offense. We agree with the state.

■ First, the amended portion of A.R.S. § 13–702(H) does not make it a penalty statute. It does not alter the elements of or defenses to a crime. *State v. Coconino County Superior Court*, 139 Ariz. 422, 678 P.2d 1386 (1984). Moreover, the amendment to the statute does not affect the period of incarceration for an offense, *State v. Brown*, 123 Ariz. 406, 599 P.2d 859 (App.1979), or the length or availability of parole, *State v. LaBarre*, 125 Ariz. 497, 610 P.2d 1058 (App.1980). The amendment does not affect restitution or probation. The sole effect of the amendment is to allow the trial court the alternative of deferring the designation of the open-ended offense until termination of probation. It is not penal in nature. Therefore, its application to appellant's sentence on the theft charge does not violate A.R.S. § 1–246.

■ Second, the amended portion of A.R.S. § 13–702(H) is procedural in nature. Because it is procedural, it may be applied to proceedings already pending because it does not affect or impair vested rights. *See* 82 C.J.S. Statutes § 417, p. 994. *State v. LaBarre*, 125 Ariz. 497, 610 P.2d 1058 (App.1980).

By reason of statutes in effect at the time a crime is committed, a defendant has a vested right in the length of incarceration provided for an offense, *State v. Gonzales*, 141 Ariz. 512, 687 P.2d 1267 (1984), defenses to the crime and burdens of proof, *State v. Coconino County Superior Court*, 139 Ariz. 422, 678 P.2d 1386 (1984). A defendant also has a vested right to the possibility of probation. *State v. Mendivil*, 121 Ariz. 600, 592 P.2d 1256 (1979).

■ However, a defendant does not have a vested right to have his offense designated at the time of sentencing. We hold that the time for designating an offense is a procedural matter. A.R.S. § 13–702(H)

provides an added alternative available to the court which favors the defendant because it allows him an increased opportunity to obtain misdemeanor designation based upon good conduct during the term of probation.

This case is clearly distinguishable from the cases relied upon by appellant. In *State v. Sweet*, 143 Ariz. 266, 693 P.2d 912 (1985), the defendant was placed on probation and the offense left undesignated at a time when A.R.S. § 13–702(G) was in effect. The supreme court held the sentence was illegal and could not be salvaged by the subsequent enactment of A.R.S. § 13–702(H).

In *State v. Fallon*, 151 Ariz. 192, 726 P.2d 608 (1986), the defendant was sentenced for theft on December 7, 1983, at a time when A.R.S. § 13–702(G) was in effect. The offense was left undesignated. The supreme court, in approving the court of appeals decision in *Fallon*, held that A.R.S. § 13–702(H) could not be applied retroactively to salvage the defendant's otherwise illegal sentence. *See also State v. Wright*, 131 Ariz. 578, 643 P.2d 23 (App. 1982) (failure to designate offense was illegal because defendant was sentenced while A.R.S. § 13–702(G) was in effect).

The problem of retroactive application disapproved of in *Sweet, Fallon*, and *Wright* is not present in this case. Here, appellant was lawfully sentenced pursuant to the statute in effect at the time of her sentencing.

The decision in *State v. McInelly*, 146 Ariz. 161, 704 P.2d 291 (App.1985) is instructive. In *McInelly*, the trial court refused defendant's request that designation of his offense be deferred. On appeal, the court of appeals held that the trial court was correct in refusing to defer the designation because A.R.S. § 13–702(G) was in effect.

The legislature later decided to amend the statute to allow trial courts to delay designating the offense until the termination of probation. See A.R.S. § 13–702(H). Appellant concedes that the amendment was not in effect *at the time of his sentencing.* Furthermore, even if

it had been, the trial court still would have had the discretion to decide whether or not to defer designating the offense. *McInelly*, 146 Ariz. at 164–65, 704 P.2d at 294–95 (emphasis added).

■ As the emphasized language suggests, for purposes of the application of the amendment to the statute set forth in A.R.S. § 13–702(H), the time of sentencing is determinative and not the time the offense was committed. Under A.R.S. § 13–702(H), the trial court had the authority to defer designation of the offense, and therefore it was not illegal. Upon revocation, the court correctly designated the offense a felony, and sentenced appellant accordingly. Therefore, the revocation of appellant's probation and her sentence on the theft offense were proper.

■ Next, appellant argues that her sentence on the attempted computer fraud charge was in error. Pursuant to the plea agreement, appellant pled guilty to attempted computer fraud in violation of A.R.S. § 13–604.02. That section provides for sentencing for a felony offense committed while the defendant is on probation for a prior felony. Appellant argues that, because her theft offense was undesignated at the time she committed the attempted computer fraud offense, she was improperly sentenced under A.R.S. § 13–604.02. We disagree.

■ For purposes of appellant's sentence for the attempted computer fraud, her theft offense is considered a felony. A.R.S. § 13–702(H) provides in part:

The [undesignated] offense shall be treated as a felony for all purposes until such time as the court may actually enter an order designating the offense a misdemeanor.

Therefore, she was on probation for a felony at the time she committed the attempted computer fraud, and her sentence pursuant to A.R.S. § 13–604.02 was proper.

The order of the trial court is affirmed in all respects.

CONTRERAS, P.J., and BROOKS, J., concur.