911 P.2d 637

The STATE of Arizona, Respondent,

v.

Alexander SHLIONSKY, Petitioner.

No. 2 CA–CR 95–0491–PR.

Court of Appeals of Arizona,
Division 2, Department B.

Jan. 31, 1996.

Stephen D. Neely, Pima County Attorney by Reagen Kulseth, Tucson, for Respondent.

Law Office of Robert Hooker by Robert Hooker and Myrna Rodriguez, Tucson, for Petitioner.

## OPINION

DRUKE, Chief Judge.

In November 1993, petitioner Alexander Shlionsky pled guilty to attempted unlawful possession of one to eight pounds of marijuana, a class six felony. This class of felony is an "open" offense because A.R.S. § 13–702(G)[1] permits the trial court to designate the offense a class six felony or a class one misdemeanor at sentencing or, as here,

1. Formerly A.R.S. § 13–702(H).

"place the defendant on probation ... and refrain from designating the offense as a felony or misdemeanor until the probation is terminated." Before petitioner's probation was terminated, the state filed a petition to revoke probation, alleging six violations of the probation. Petitioner admitted five of the violations in exchange for the state's dismissal of the allegation that he had committed a new offense, conspiracy to transfer marijuana. The trial court accepted the admission, and at the disposition hearing, placed petitioner on intensive probation and designated the offense a class six felony.

Petitioner filed a petition for post-conviction relief pursuant to Rule 32, Ariz.R.Crim. P., 16 A.R.S., contending that 1) the trial court violated his right to due process by designating the offense a felony without giving him prior notice and an opportunity for an evidentiary hearing; 2) the felony designation was an abuse of discretion; 3) he was denied his right to allocution; and 4) the felony designation prior to the termination of probation was unlawful. The trial court denied the petition and this petition for review followed.

We first address whether the trial court could lawfully designate petitioner's offense a felony prior to the termination of probation. Petitioner argues that if the court elects not to designate the offense a felony or a misdemeanor at sentencing and places the defendant on probation, as it did here, A.R.S. § 13–702(G) requires the court to wait "until the probation is terminated" to designate the offense. We disagree.

■■■ As originally written, A.R.S. § 13–702(G) required the trial court to designate an open offense at the time it entered the judgment of conviction. *See State v. Sweet*, 143 Ariz. 266, 693 P.2d 921 (1985). The statute was amended in 1984, however, to permit the court to defer designation. As we observed in *State v. Smith*, 166 Ariz. 118, 800 P.2d 984 (App.1990), the statute by its terms confers discretion on the trial court. We believe the 1984 amendment expands rather than restricts that discretion by permitting the court to determine the appropriate point at which to classify the offense based on such factors as a defendant's performance or lack of performance on probation. Contrary to petitioner's position, we believe the phrase "until the probation is terminated" simply establishes the latest point at which that designation may be made. This construction is supported by the inclusion of the word "may" prior to the phrase upon which petitioner relies. We therefore conclude that A.R.S. § 13–702(G) permits the trial court to place a defendant on probation for a class six felony and "may ... refrain from designating the offense as a felony or misdemeanor until the probation is terminated," but need not do so if future circumstances dictate otherwise. Thus, the court in this case did not err in designating petitioner's offense a felony at the disposition hearing, even though it continued petitioner on probation.

■■■ Petitioner next argues, citing *Smith, State v. Benson*, 176 Ariz. 281, 860 P.2d 1334 (App.1993), and *State v. Pinto*, 179 Ariz. 593, 880 P.2d 1139 (App.1994), that he was denied due process because he was not given notice and an opportunity for a hearing on the designation. We find the cited cases inapposite. In *Smith* and *Benson*, the defendants were not given notice their offenses would be designated felonies, and in *Pinto*, the defendant requested but was denied a hearing. Here, petitioner received notice of and appeared at his disposition hearing. Because one of the possible outcomes of the hearing was probation revocation and a prison sentence, petitioner was necessarily on notice that the offense might be designated a felony.

In addition, the record shows that petitioner's counsel was given the opportunity to argue that the court should defer designating the offense a felony "so that the Court has options available to it later on." The court declined, however, stating that "there's no point in pretending that this is going to be anything but a felony.... With the behavior that's occurred to this time, there's no way that it justifies treatment as a misdemeanor." We thus conclude that petitioner's right to due process was not violated.

■■■ Petitioner next contends that the designation was arbitrary and capricious, and thus an abuse of discretion, because the court

failed to give him an opportunity to present mitigating evidence. Petitioner had requested a mitigation hearing prior to the disposition hearing, but withdrew the request when he learned the court intended to continue him on probation. After the court stated it intended to treat the offense as a felony, petitioner neither renewed his request for a mitigation hearing nor indicated in any manner he wanted an opportunity to present evidence regarding designation. Under these circumstances, petitioner waived the right to present evidence in mitigation. Even if not waived, the court permitted petitioner to present mitigating evidence in a supplemental memorandum to his petition for post-conviction relief and, after considering that evidence, the court denied the petition.

█ Petitioner further claims that the designation was arbitrary and capricious because of the court's statement that "there's no point in pretending that this is going to be anything but a felony." As noted above, however, this statement was based on petitioner's behavior on probation, which involved five admitted probation violations. From this and from our review of the court's other statements at disposition, we conclude that the decision to designate the offense a felony was not arbitrary or capricious. The court's decision was rationally based on petitioner's utter failure to comply in any significant way with his conditions of probation. The court was not required to await the outcome of the entire probationary period before concluding that misdemeanor treatment was unwarranted.

Finally, petitioner claims that the court's statement quoted above "coupled with its failure to solicit a statement from Mr. Shlion-sky regarding designation" deprived petitioner of his right to allocution. *See* Ariz. R.Crim.P. 26.10(b)(1), 17 A.R.S. This claim is premised on petitioner's earlier contention that he was entitled to notice and an opportunity to be heard on the issue of designation separate and apart from the notice and opportunity to be heard which he was afforded generally with respect to disposition. Because we have previously rejected this contention, and because the record clearly shows that petitioner was afforded the opportunity to speak prior to disposition, petitioner's claim fails.

In *Montgomery v. Sheldon,* 182 Ariz. 118, 893 P.2d 1281 (1995), our supreme court held that A.R.S. § 13–4035 obligated Arizona's appellate courts to review the entire record for fundamental error when considering a petition for review from the denial of post-conviction relief involving a defendant who either pled guilty or admitted a probation violation. Because that statute has been repealed, *see* 1995 Ariz.Sess.Laws, ch. 198, § 1, we presume that fundamental error review is no longer required for such petitions and therefore limit our review in this case to those issues presented in the petition.

The petition for review is granted; relief is denied.

ESPINOSA, P.J., and HATHAWAY, J., concur.