IN THE COURT OF APPEALS
DIVISION TWO



THE STATE OF ARIZONA,            )
                                 )        2 CA-CR 2007-0061
                 Appellee,       )        DEPARTMENT B
                                 )
            v.                   )        O P I N I O N
                                 )
PATRICK JAMES SORIANO,           )
                                 )
                 Appellant.      )
_____  )


APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20051199

Honorable Nanette M. Warner, Judge

SPECIAL ACTION JURISDICTION ACCEPTED; RELIEF DENIED

_____

Terry Goddard, Arizona Attorney General
  By Randall M. Howe and William Scott Simon                        Phoenix
                                                           Attorneys for Appellee


Robert J. Hooker, Pima County Public Defender
  By Frank P. Leto                                                    Tucson
                                                          Attorneys for Appellant

_____


V Á S Q U E Z, Judge.

¶1 Patrick James Soriano pled guilty to one count of unlawful discharge of a firearm within city limits. The trial court suspended the imposition of sentence, placed him on probation for one year, and deferred designation of the offense as a class six felony or class one misdemeanor. On appeal, Soriano contends the trial court abused its discretion by denying the motion to designate the offense that he filed after his term of probation expired. In the event the order from which he is appealing is not appealable, Soriano asks this court to treat this appeal as a special action petition, accept jurisdiction, and grant relief. For the following reasons, we accept special action jurisdiction but deny relief.

## Procedural Background

¶2 We view the record in the light most favorable to sustaining the trial court's ruling. *State v. Wideman*, 165 Ariz. 364, 369, 798 P.2d 1373, 1378 (App. 1990). On July 6, 2005, Soriano pled guilty to unlawfully discharging a firearm in or into the city limits. On August 12, the court suspended the imposition of his sentence and placed him on probation for one year. In accordance with the plea agreement and pursuant to A.R.S. § 13-702(G), the court left designation of the offense as a felony or misdemeanor "open" until Soriano completed probation. The trial court also ordered Soriano to pay monthly probation services fees, attorney fees, and an indigent administration assessment fee. Although Soriano's probation expired on August 12, 2006, the probation department did not, at that time, file the necessary paperwork with the trial court to have him formally

2

discharged. Soriano still owed approximately $45.56 in probationary fees, which he paid on January 9, 2007.

¶3 On January 31, 2007, Soriano filed a motion requesting the trial court to designate his offense a misdemeanor based upon his successful completion of probation. At the hearing on his motion, the state argued that a misdemeanor designation was inappropriate because Soriano had since been charged with aggravated assault with a deadly weapon or dangerous instrument. The court noted that, even if the necessary paperwork had been filed upon the expiration of Soriano's probationary term, it would not have designated the offense at that time because "there were still outstanding fees owed." The court also expressed concern that a new charge had been filed against Soriano and denied his motion to designate pending the outcome of the new charge. This appeal followed.

## Discussion

¶4 Soriano challenges the trial court's refusal to designate his offense pending the outcome of the new criminal charge. He argues the court misapplied § 13-702(G) in failing to designate his offense a misdemeanor based on alleged misconduct that occurred after his probationary term had expired. In denying Soriano's motion, the court stated, "I will leave it undesignated. . . . For some purposes it remains a felony. But I want to see the outcome of these [pending] charges." The court further stated it would make a final ruling after Soriano's pending charge was resolved.

### I. Jurisdiction

3

**¶5** The state argues that because the trial court declined to designate the offense pending resolution of the new offense, "[Soriano] seeks review of a non-appealable order" and we do not have jurisdiction to consider this appeal. It correctly points out that, as a pleading defendant, Soriano may not file a direct appeal unless authorized by A.R.S. § 13-4033(A)(2). And, it contends his appeal is not so authorized because Soriano is not appealing an order "affecting his substantial rights" pursuant to this statute. We review the trial court's ruling for an abuse of discretion. *State v. Blanton*, 173 Ariz. 517, 519, 844 P.2d 1167, 1169 (App. 1992). But, the interpretation of statutes is a question of law we review de novo. *State v. Getz*, 189 Ariz. 561, 563, 944 P.2d 503, 505 (1997).

**¶6** Section 13-4033(A)(2) provides that a defendant may appeal from "an order made after judgment affecting the substantial rights of the party." But "[i]n noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation." A.R.S. § 13-4033(B); *see also* Ariz. R. Crim. P. 17.1(e); *State v. Jiminez*, 188 Ariz. 342, 343, 935 P.2d 920, 921 (App. 1996). The restriction in subsection B of the statute does not, however, bar an appeal from a post-judgment order when the issue raised is "not one that effectively challenges the plea agreement or sentence." *State v. Delgarito*, 189 Ariz. 58, 59, 938 P.2d 107, 108 (App. 1997).

**¶7** Soriano argues we have jurisdiction because his appeal of the denial of his motion "is not an attempt to challenge the original judgment or sentence." He relies on

4

*Delgarito* for the proposition that a defendant may directly appeal from a trial court's designation of an open-ended offense as a felony because it is an order affecting a defendant's substantial rights. *Id.* at 59, 938 P.2d at 108; *see also* § 13-4033(A)(2). In *Delgarito*, Division One of this court found that the final designation of an offense as a felony affects a pleading defendant's substantial rights due to its effects on a defendant's civil rights and the fact that it may be used to enhance future felony offenses. 189 Ariz. 60, 938 P.2d at 109. The court further concluded the trial court's order was appealable because it could not have been raised in connection with the original judgment and sentence. *Id.* at 60-61, 938 P.2d at 109-10.

¶8         Although a trial court's final designation of an offense as a felony affects a defendant's substantial rights and is therefore appealable, in this case, the trial court has yet to enter an order designating Soriano's offense. Soriano nevertheless contends the trial court was obligated to designate the offense at the initial designation hearing and asks us to direct the trial court to do so. The remedy Soriano seeks is in the nature of a writ of mandamus, a "remedy used to compel a public officer to perform a duty required by law." *Yes on Prop 200 v. Napolitano*, 215 Ariz. 458, ¶ 9, 160 P.3d 1216, 1222 (App. 2007). Mandamus actions have been incorporated into Rule 3(a), Ariz. R. P. Spec. Actions, and we believe it is by special action proceeding that the issue raised in this case is most appropriately presented to this court for review. Furthermore, this issue is a matter of statewide importance, is likely to be repeated, and Soriano has no "equally plain, speedy,

5

and adequate remedy by appeal." *See* Ariz. R. P. Spec. Actions 1(a); *State ex rel. Miller v. Superior Court*, 189 Ariz. 228, 230, 941 P.2d 240, 242 (App. 1997). We therefore exercise special action jurisdiction. *See Brown v. State*, 117 Ariz. 476, 477-78, 573 P.2d 876, 877-78 (1978) (treating habeas corpus petition as one for special action); *State v. Aguilar*, 170 Ariz. 292, 295-96, 823 P.2d 1300, 1303-04 (App. 1991) (treating petition for review pursuant to Rule 32.9, Ariz. R. Crim. P., as one for special action); *Lloyd v. State Farm Mut. Ins. Co.*, 189 Ariz. 369, 374-75, 943 P.2d 729, 734-35 (App. 1996) (treating premature appeal from partial summary judgment as special action).

## II. Designation of Offense

¶9        Soriano contends that under § 13-702(G) he has a due process right to the formal designation of his offense no later than the end of his term of probation, a right the trial court violated by refusing to designate. We disagree. He cites *State v. Arbolida*, 206 Ariz. 306, ¶ 7, 78 P.3d 275, 277 (App. 2003), for the proposition that "[t]he designation of an offense can be made . . . no later than the completion of probation." However, we can find no support for that proposition in *Arbolida* or elsewhere. In *Arbolida*, Division One of this court considered whether a defendant who had a prior felony conviction was eligible for probation under § 13-702(G). The court said nothing about the timing of a trial court's designation of an offense.

¶10        Section 13-702(G) provides, in pertinent part, as follows:

>        [I]f a person is convicted of any class 6 felony not involving the intentional or knowing infliction of serious physical injury or

6

the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument and if the court, having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that it would be unduly harsh to sentence the defendant for a felony, the court may . . . place the defendant on probation . . . and refrain from designating the offense as a felony or misdemeanor until the probation is terminated. The offense shall be treated as a felony for all purposes until such time as the court may actually enter an order designating the offense as a misdemeanor.[1]

Thus, under § 13-702(G), although a trial court has discretion to delay its designation of a class six felony until the termination of probation, the statute does not provide that a defendant is entitled to have his or her offense designated at any particular time. The Rules of Criminal Procedure likewise do not set forth any requirements for the latest point at which such a designation may be made. *See* Ariz. R. Crim. P. 27.1 through 27.4.

**¶11**       In *State v. Winton*, 153 Ariz. 302, 305, 736 P.2d 386, 389 (App. 1987), Division One of this court determined that the defendant did not have a "vested right" to have her offense designated at the time of sentencing. There, the defendant had been charged with theft, and at the time she committed the crime, the predecessor statute to § 13-702(G) required the trial court to designate the offense as either a felony or misdemeanor at the time of sentencing. *Id.* at 304, 736 P.2d at 388. However the statute was amended to its present form prior to sentencing and the court, accordingly, deferred designation of the

---

[1]The statute under which Soriano was charged, A.R.S. § 13-3107, allows for the application of § 13-702(G) "[n]otwithstanding the fact that the offense involves the discharge of a deadly weapon."

7

offense until probation was terminated. *Id.* When the defendant violated probation several months later, the court designated the offense a felony. *Id.* On appeal, the defendant essentially argued that postponing the designation constituted an *ex post facto* application of the amendment and that the original sentence was, therefore, illegal. *Id.* at 304-05, 736 P.2d at 388-89. But in holding "that the time for designating an offense is a procedural matter," the court reasoned:

> First, the amended portion of [the statute] does not make it a penalty statute. It does not alter the elements of or defenses to a crime. *State v. Coconino County Superior Court*, 139 Ariz. 422, 678 P.2d 1386 (1984). Moreover, the amendment to the statute does not affect the period of incarceration for an offense, *State v. Brown*, 123 Ariz. 406, 599 P.2d 859 (App. 1979), or the length or availability of parole, *State v. LaBarre*, 125 Ariz. 497, 610 P.2d 1058 (App. 1980). The amendment does not affect restitution or probation. The sole effect of the amendment is to allow the trial court the alternative of deferring the designation of the open-ended offense until termination of probation.

*Id.* at 305, 736 P.2d at 389.

¶12 Similarly, in *State v. Pinto*, 179 Ariz. 593, 594-95, 880 P.2d 1139, 1140-41 (App. 1994), Division One considered whether A.R.S. § 13-805, which provides for an award of restitution for victims in criminal cases, permitted the trial court to enter a civil judgment in the amount of unpaid restitution after the defendant's probationary term had expired. Section 13-805 provides that the trial court retains jurisdiction over a criminal defendant for the purpose of restitution until it is paid in full or the defendant's sentence and term of probation expires, whichever occurs last. *Pinto*, 179 Ariz. at 595-96, 880 P.2d at

8

1141-42. But it also requires the trial court to enter criminal restitution orders in favor of the state and any other person entitled to restitution "[a]t the time the defendant completes the defendant's period of probation or . . . sentence." § 13-805(A). The defendants challenged the petitions for civil judgments as untimely because they were filed after their probationary terms had expired. *Pinto*, 179 Ariz. at 596, 880 P.2d at 1142. They argued that the words "at the time a defendant completes . . . probation" were jurisdictional in nature and failure to file the petitions before the expiration of probation divested the court of continuing jurisdiction over them. *Id.* However, Division One determined the legislature's intent with respect to the statute had been to expand rather than limit the trial court's jurisdiction over the payment of restitution. *Id.* The court concluded that the "words 'at the time defendant completes [his or her] period of probation . . .' are not jurisdictional, but are merely advisory as to when the trial court is to act." *Id.* Thus, Division One held that "a trial court may consider a petition for entry of civil judgment which is filed within a reasonable time after the period of probation is completed." *Id.*

¶13 We believe the same considerations apply to § 13-702(G) and therefore interpret its language as reflecting the legislature's intent to similarly expand rather than limit the trial court's jurisdiction in designating offenses. As we noted in *State v. Shlionsky*, 184 Ariz. 631, 632, 911 P.2d 637, 638 (App. 1996), § 13-702(G), as amended in 1984, was

intended to broaden the trial court's discretion in choosing when to designate an offense.[2]

Furthermore, by providing that a trial court may defer designation until the termination of probation, yet providing the offense shall be treated as a felony until the court "actually enter[s]" a designation order, the statute itself contemplates a discrepancy between the end of probation and the entry of the designation order. We acknowledge that the statutory wording permits designation at the termination of probation. However, the statute is not jurisdictional and does not preclude a delayed hearing where probation expired and no formal request for a designation hearing was made. We therefore conclude that a trial court is not required to designate a defendant's offense at a specific time, but may make the designation within a reasonable time after a motion to designate is filed.

¶14        Next, Soriano argues he was entitled to have the offense designated a misdemeanor based, in his view, on his successful performance of probation. He contends the trial court abused its discretion in considering behavior that occurred after the probationary period had expired.[3] However, when the designation hearing is not held at the

---

[2]In *State v. Shlionsky*, 184 Ariz. 631, 632, 911 P.2d 637, 638 (App. 1996), this court found the phrase "until the probation is terminated" in § 13-702(G) "simply establishes the latest point at which that designation may be made." However, that comment was dicta. In *Shlionsky*, we addressed the issue whether § 13-702(G) permitted a trial court to designate an offense prior to the termination of probation, if warranted by the circumstances. *Id.* In affirming the court's early designation, we noted that "the 1984 amendment [to § 13-702(G)] expands rather than restricts [the trial court's] discretion by permitting the court to determine the appropriate point at which to classify the offense based on such factors as a defendant's performance or lack of performance on probation." *Id.*

[3]Having determined that Soriano was not entitled to a designation at the expiration of probation, we need not address Soriano's argument that the trial court should be

time the probationary period expires, the trial court is not limited, as Soriano suggests, to considering only those events that transpired before the probationary period expired. Section 13-702(G) states that a trial court may consider a defendant's "history and character" when making the designation. The statute does not limit consideration of the defendant's history and character to his time on probation, and we see no reason to impose such a limit. Enabling the trial court to consider all of a defendant's history and character after the expiration of probation until the time of the designation hearing does not necessarily prejudice the defendant. Rather, it provides the court with the opportunity to consider additional positive information that might show he continued to progress, even if his performance on probation was not perfect. Thus, the consideration of post-probationary behavior may actually "favor[] the defendant because it allows him an increased opportunity to obtain [a] misdemeanor designation." *Winton*, 153 Ariz. at 305, 736 P.2d at 389.

¶15         Soriano's probationary term expired in August 2006, without having been formally extended or revoked. Yet Soriano did not pay his fees in full, notify the court he had not been formally terminated from probation, and request the designation of his offense until five months later. Based on the information before it, including the new offense with

equitably estopped from using this offense as an historical prior felony conviction when sentencing him on his subsequent offense. Any opinion on what may or may not occur would be premature and wholly advisory. *See Phelps Dodge Corp. v. Ariz. Dep't of Water Res.*, 211 Ariz. 146, n.7, 118 P.3d 1110, 1115 n.7 (App. 2005) (appellate court "'will not render advisory opinions anticipative of troubles which do not exist; may never exist; and the precise form of which, should they ever arise, we cannot predict'"), *quoting Velasco v. Mallory*, 5 Ariz. App. 406, 410-11, 427 P.2d 540, 544-45 (1967).

11

which Soriano had been charged after his probation had expired, the court determined it did not have sufficient information to designate the offense at that time. Instead of designating the offense based on the mere fact that Soriano had been charged with a new offense, the court deferred its designation until resolution of the charge. In effect, the court gave Soriano the continuing opportunity to obtain a misdemeanor designation. Although the court based its ruling on a specific event that occurred after probation had expired but before the designation hearing was held, that event directly bears on Soriano's "history and character," as contemplated by §13-702(G).[4] Therefore, we cannot say the trial court abused its discretion in failing to designate Soriano's offense at the original designation hearing. *See State v. Blanton*, 173 Ariz. 517, 519, 844 P.2d 1167, 1169 (App. 1992).

**Conclusion**

¶16       We conclude that due process does not require that an open-ended offense be designated at the time probation expires, provided the offense is designated within a reasonable time after a motion to designate is filed. In making the designation, a trial court may consider events and circumstances that arise between the end of the probationary period and the designation hearing. Therefore, the trial court did not abuse its discretion in

---

[4]We do not suggest by this ruling that courts should be able to delay designation rulings for the purpose of assessing future behavior. As noted, the trial court's ruling was based on specific behavior that occurred before Soriano filed his motion to designate his offense.

12

delaying designation of Soriano's offense until his current charge is resolved. Although we treat this appeal as a special action and accept special action jurisdiction, we deny relief.

_____
GARYE L. VÁSQUEZ, Judge

CONCURRING:


_____

PETER J. ECKERSTROM, Presiding Judge



_____

PHILIP G. ESPINOSA, Judge