NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellant*,

*v.*

VLADEMIR LEON DEWYS, *Appellee*.

No. 1 CA-CR 14-0323
FILED 2-17-2015

Appeal from the Superior Court in Maricopa County
No. CR2012-006772-003
The Honorable Phemonia L. Miller, Judge *Pro Tempore*

**VACATED AND REMANDED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Appellant*

Varcoe Law Firm, PLLC, Phoenix
By Robyn Greenberg Varcoe
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Peter B. Swann joined.

---

**W I N T H R O P**, Judge:

**¶1** The State of Arizona appeals the trial court's order granting Vlademir Leon Dewys' motion to designate his 2012 offenses as misdemeanors. The State contends that because Dewys committed another crime while on probation, the trial court abused its discretion in granting Dewys' motion. For the following reasons, we vacate the orders terminating Dewys' probation and designating his 2012 offenses as misdemeanors and remand for proceedings consistent with this decision.

**FACTS AND PROCEDURAL HISTORY**

**¶2** Dewys and a co-defendant, Richard Spohr, committed a series of burglaries from December 2011 to February 2012. In April 2012, Dewys was indicted on the following felony offenses: three counts of burglary in the third degree (class four), two counts of theft (class five), and one count of conspiracy to commit burglary in the third degree (class four). Pursuant to a plea agreement, Dewys was convicted in September of 2012 of two counts of solicitation to commit burglary in the third degree, a class six undesignated felony. The State dismissed the remaining four charges.

**¶3** The trial court sentenced Dewys to two years' supervised probation for each count, with the probationary terms running concurrently. The terms of probation required Dewys to serve 21 days in jail, to make restitution payments totaling $2,100, to complete 24 hours of community service, to maintain a crime free lifestyle, and to not associate with people known to have a criminal record or who engage in criminal activity. Additionally, the plea agreement stated "[t]hese offenses shall not be designated misdemeanors unless and until the Defendant successfully completes probation. If at any time during the Defendant's probation, a court finds that the Defendant has violated a term or condition of his probation, these offenses, at that time, shall be designated felonies."

**¶4** In May 2013, while on probation, Dewys burglarized a vehicle with Spohr. Dewys' probation officer petitioned to revoke Dewys'

probation in June 2013, indicating that, in addition to committing a new burglary offense, Dewys had not paid the previously-imposed restitution or completed any of his community service. Dewys and Spohr were each charged with one count of burglary in the third degree and possession of burglary tools as a result of the May 2013 incident.

¶5        In a March 2014 minute entry, the trial court stated that a determination of guilt had been made with regard to Dewys' 2013 offense and found Dewys had violated the conditions of his probation. Before Dewys was sentenced for the 2013 offense, he filed a motion to designate his 2012 offenses as misdemeanors under Arizona Revised Statutes ("A.R.S.") Sections 13-604(A) and 13-901(E).[1]  The motion asserted that Dewys had completed all the terms of his probation; however, the motion also stated that Dewys had committed another offense with Spohr. Dewys further asserted that Spohr's probation officer had requested that Spohr's previous offenses be designated as misdemeanors, and the trial court had granted that request.  Because Spohr's previous offenses had been designated as misdemeanors, he was offered a plea to probation on the 2013 charge.  In his motion, Dewys argued that he and Spohr were similarly situated with respect to prior offenses committed, probation completed, and new offenses committed while on probation, and thus should be treated the same. Dewys further stated in this motion that his probation officer had "no objection" to the 2012 offenses being designated as misdemeanors.

¶6        The State opposed Dewys' motion, arguing Dewys had failed to comply with the terms of his probation when he committed a new offense while on probation with the same co-defendant. Despite being charged with a new offense and the apparent failure to timely comply with other probationary terms, the trial court nevertheless granted Dewys' motion and designated his 2012 offenses as misdemeanors, stating:

> Defendant completed all the terms of his probation. Defendant's APO [Adult Probation Officer] agrees that Defendant completed all of the probation terms and is in agreement that the offenses should be designated as misdemeanors. Pursuant to A.R.S. 13-901(E) and 13-604(A), and in the interest of fairness and

---

[1]        We cite the current version of the statutes if no revisions material to our decision have occurred since the relevant dates.

justice, the Court finds good cause exist[s] to
designate the offenses misdemeanors.

**¶7**       Dewys then sought clarification as to whether his probation
had been terminated in accordance with A.R.S. § 13-604(A).  The State then
timely appealed the trial court's order designating Dewys' 2012 offenses as
misdemeanors.  After the State had filed its notice of appeal, the trial court
clarified its earlier ruling and terminated Dewys' probation.[2]  We have
jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and 13-4031.

**ANALYSIS**

**¶8**       The State contends that Dewys' new charge for a similar crime
with a prior accomplice clearly demonstrates a failure to comply with the
express terms of probation; as such, it contends the trial court erred in
designating Dewys' previous offenses as misdemeanors.  We review the
trial court's designation of an offense and termination of probation for an
abuse of discretion.  *State v. Soriano*, 217 Ariz. 476, 478, ¶ 5, 176 P.3d 44, 46
(App. 2008); *State v. Sanchez*, 19 Ariz.App. 253, 254, 506 P.2d 644, 645 (1973).
An abuse of discretion occurs when a trial court misinterprets or misapplies
a statute.  *See State v. Jacobson In and For Pima Cnty.*, 110 Ariz. 70, 71, 515 P.2d
27, 28 (1973) ("Since the statute vests the decision within the discretion of
the trial court, we will not disturb that decision unless an abuse of discretion
is readily apparent.")  The interpretation of statutes is reviewed *de novo*.
*Bilke v. State*, 206 Ariz. 462, 464, ¶ 10, 80 P.3d 269, 271 (2003).

**¶9**       Here, the trial court ordered Dewys' offenses be designated
as misdemeanors pursuant to A.R.S. §§ 13-901(E) and 13-604(A).  In its
minute entry, the trial court summarized Dewys' performance on
probation, noting that, by the time of the order, Dewys had paid the full
$2,100 restitution, had served 21 days in jail, and had completed all of his
community service.  In addition, the court noted that Dewys' probation
officer agreed that Dewys had completed the terms of his probation and
that Dewys' previous offenses should be designated as misdemeanors.
Missing from the trial court's summary or orders, however, is any reference

---

[2]       The Arizona Supreme Court has held that once a notice of appeal is
filed, "the trial court loses jurisdiction of each and every matter connected
with the case, except in furtherance of the appeal."  *In re Marriage of Johnson
and Gravino*, 231 Ariz. 228, 230, ¶ 6, 293 P.3d 504, 506 (App. 2012) (internal
citations and punctuation omitted).  We find the trial court's subsequent
order terminating Dewys' probation to be in furtherance of the appeal from
the trial court's order designating Dewys' 2012 offenses as misdemeanors.

to Dewys' 2013 offenses and whether in makings its rulings the trial court was aware of and had considered Dewys' admission to or conviction of those additional crimes.

**¶10**      We recognize that both A.R.S. §§ 13-604(A) and 13-901(E) grant the trial court the authority to evaluate whether a probationer's conduct merits early release from probation and whether to designate an offense as a misdemeanor.  Under A.R.S. § 13-901(E), "a trial court has the authority to terminate probation when:  (1) justice will be served; and (2) the conduct of the defendant indicates rehabilitation."  *State v. Lewis*, 224 Ariz. 512, 514, ¶ 15, 233 P.3d 625, 627 (App. 2010).  In that regard, Ariz. R. Crim. P. 27.8(c)(2) also vests a trial court with discretion to revoke, modify, or continue probation notwithstanding a violation of probationary terms.  Further, A.R.S. § 13-604(A) provides the trial court with broad discretion in determining *when* to designate an unclassified offense based on the defendant's performance or lack of performance on probation.  *State v. Shlionsky*, 184 Ariz. 631, 632, 911 P.2d 637, 638 (App. 1996).[3]

**¶11**      On the record before this court, however, we simply cannot determine whether the trial court considered Dewys' 2013 offenses in ordering his 2012 offenses be designated as misdemeanors and in terminating his probation for those offenses.  It can hardly be said that Dewys "completed all the terms of his probation" when he committed another offense with the same co-defendant while on probation. Moreover, committing another offense while on probation clearly weighs against finding that Dewys has been rehabilitated.

---

[3]      This case interpreted A.R.S. § 13-702(G), the predecessor to A.R.S. § 13-604(A).  The relevant language from this previous statute remains unchanged from the current version.

**CONCLUSION**

¶12　　　For the foregoing reasons, we vacate the trial court's orders terminating probation and designating Dewys' 2012 offenses as misdemeanors. When considering this motion on remand, the trial court should specifically address the fact and effect of Dewys' 2013 offenses in determining whether to designate his 2012 offenses as misdemeanors and to terminate probation relative to the 2012 convictions.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama