NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

JENNIFER RENEE LITTON, *Appellant*.

No. 1 CA-CR 24-0068

FILED 07-30-2024

---

Appeal from the Superior Court in Yavapai County
No.  V1300CR201980286
The Honorable Michael R. Bluff, Judge
The Honorable Tina R. Ainley, Judge

### VACATED AND REMANDED

---

COUNSEL

Yavapai County Attorney's Office, Camp Verde
By Patti M. Wortman
*Counsel for Appellee*

John Trebon, P.C., Flagstaff
By John Trebon
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Daniel J. Kiley and Judge D. Steven Williams joined.

---

**B R O W N**, Judge:

¶1        Jennifer Litton appeals the superior court's order denying her motion to designate her trespassing offense as a misdemeanor. For reasons that follow, we vacate the order and remand for further proceedings.

**BACKGROUND**

¶2        In July 2020, Litton pled guilty to criminal trespass and theft. Under the plea agreement, the theft charge was designated a misdemeanor, but the trespass charge was left undesignated pursuant to A.R.S. § 13-604. The agreement stated that "any undesignated offense cannot be designated a misdemeanor until Defendant successfully completes a term of probation." The superior court suspended Litton's sentence and placed her on supervised probation for three years. As pertinent here, the court's August 2020 ruling stated that Litton was found guilty of criminal trespass in the first degree, "a Class <u>6 undesignated felony</u>."

¶3        In November 2022, the probation department petitioned the superior court for revocation of Litton's probation, alleging, in part, that Litton had violated the terms of her probation by leaving Arizona without permission. The court held a hearing in February 2023, where defense counsel indicated that the parties had reached an agreement for Litton to admit the violation and be reinstated to probation. The court advised Litton:

> Currently you're on probation for a Class 6 undesignated felony and a Class 1 misdemeanor. By admitting you violated your probation, your probation could be revoked. Class 6 felony can be designated, you could be sent to prison. Presumptive term is one year.

¶4        After confirming that Litton understood the consequences of admitting the violation, the court accepted the admission and immediately proceeded to the disposition portion of the hearing, without objection from either party.

2

¶5 After hearing brief remarks from defense counsel and Litton, the court found that although Litton committed a probation violation, reinstating her to probation (with about nine months remaining) was still appropriate. Whether Litton's trespass offense should be designated as either a felony or a misdemeanor was not addressed by either party or the court. However, in the judgment issued after the hearing, the court listed criminal trespass in the first degree as "a Class 6 Designated Felony." The judgment also confirmed that Litton was reinstated on supervised probation for nine months.

¶6 In November 2023, Litton was discharged from probation. The next day she moved to designate her offense as a misdemeanor "in light of her successful completion of probation." Litton believed that the judgment mistakenly referred to the trespass offense as a "'[d]esignated felony'" because the court never specifically addressed it at the February hearing. In her motion, Litton also requested, if necessary, "a hearing to consider this matter." Shortly after Litton filed her motion, the case was assigned to a different judge as part of the court's judicial rotation.

¶7 The State opposed the motion, asserting the judgment "shows that the offense was designated a felony," and thus it cannot now be designated a misdemeanor. The State also disputed that Litton had "successfully completed probation" because of her earlier violation as well as a continuing obligation to pay restitution. In her reply, Litton claimed that all fines, fees, and restitution were paid before her probation was terminated. She also emphasized that the superior court "did not consider nor designate the offense as a felony" at the hearing.

¶8 The superior court denied Litton's motion, reasoning that the citations used and the plain language of the judgment made it clear the prior judge intended to designate the offense as a felony. Litton's motion for reconsideration was summarily denied and she timely filed a notice of appeal.

**DISCUSSION**

A. **Appellate Jurisdiction**

¶9 We have an independent obligation to ensure we have appellate jurisdiction. *State v. Stowe*, 254 Ariz. 203, 205, ¶ 4 (App. 2022). Generally, defendants who admit to a probation violation "may not appeal from a judgment or sentence that is entered pursuant to . . . [that] admission," A.R.S. § 13-4033(B), and "may seek review only by filing a petition for post-conviction relief" under Arizona Rule of Criminal

Procedure 33. Ariz. R. Crim. P. 27.9(a)(5). However, as noted by Litton in her opening brief, under A.R.S. § 13-4033(A)(3), a defendant has the right to appeal from "[a]n order made after judgment affecting the substantial rights of the party."

**¶10**        Because Litton has challenged the superior court's order denying her motion to designate her trespass offense as a misdemeanor based on, *inter alia*, lack of notice and an opportunity to be heard, her substantial rights have been affected. *See State v. Delgarito*, 189 Ariz. 58, 60–61 (App. 1997) (explaining that a felony designation imposes significant consequences affecting substantial rights and finding appellate jurisdiction under § 13-4033(A)(3) where the defendant "raised the issue of whether the trial court deprived him of due process by failing to notify him and hold a hearing in advance of the felony designation"). Thus, we have appellate jurisdiction under § 13-4033(A)(3).

### B.        Designation of the Offense

**¶11**        Litton argues that although she was warned of a "possible felony designation," the superior court did not designate the offense as either a misdemeanor or a felony at the disposition hearing, which means the judgment is incorrect. Litton requests that the record "be corrected to reflect reality" and that due process requires she be given the opportunity to present evidence and be heard before the offense is designated.

**¶12**        We review the superior court's designation of a felony for an abuse of discretion. *See State v. Soriano*, 217 Ariz. 476, 481, ¶ 15 (App. 2008). We review constitutional questions de novo. *Fann v. State*, 251 Ariz. 425, 432, ¶ 17 (2021). Under A.R.S. § 13-604(A), if the court finds a non-dangerous, class six felony conviction "unduly harsh," it may choose to designate the conviction as a class one misdemeanor. *See State v. Russell*, 226 Ariz. 416, 418, ¶¶ 7–8 (App. 2011). In making such a determination, the court should consider "the nature and circumstances of the crime and . . . the history and character of the defendant." A.R.S. § 13-604(A).

**¶13**        According to the State, the superior court designated the trespass offense as a felony at the hearing, but nothing in the record supports that assertion. At the hearing, the court found Litton had violated probation for the offenses she had pled guilty to in 2020 but did not address whether criminal trespass would now be designated as a misdemeanor or as a felony. In the subsequent judgment, however, the court listed the offense as being a designated Class 6 felony. When a court's oral pronouncement of the sentence is inconsistent with its written ruling, the

4

"[o]ral pronouncement in open court controls." *State v. Ovante*, 231 Ariz. 180, 188, ¶ 38 (2013) (citation omitted). Because the court's judgment addresses a matter that did not occur at the hearing—specifically, designation of the offense—on remand the court should amend the judgment to reflect that the offense remained an undesignated felony.

¶14 Moreover, the superior court's designation of the offense as a felony in the judgment failed to comply with Arizona Rule of Criminal Procedure 26.10(c)(3), which requires a court to "explain to the defendant the terms of the sentence or probation" when pronouncing its ruling. During the disposition hearing, designation of the offense was never addressed either by the parties or by the court. However, in the court's written judgment that followed, it was. In that judgment, the court used essentially the same language it did in its August 2020 written ruling except for changing "undesignated felony" to "Designated felony." But the court did so without alerting Litton it would be making that determination as part of the judgment. *See State v. Davis*, 105 Ariz. 498, 502 (1970) ("[T]he rule of law governing the modification of a judgment which affects the substantial rights of a defendant requires his presence.")

¶15 The State also disputes Litton's assertion that she was denied due process. When the superior court exercises its discretion to designate an offense as a felony under A.R.S. § 13-604, the defendant is entitled to due process. *See State v. Smith*, 166 Ariz. 118, 120 (App. 1990) (recognizing that given the significant consequences associated with the designation of an offense as a felony, due process requires notice and an opportunity to be heard before the trial court's determination).

¶16 The State argues that no due process violation occurred because Litton received notice of the hearing, was told that the trespass offense "could be designated," and was given the opportunity to be heard "before Disposition where the designation was made." Be that as it may, the trespass offense was not designated as a felony at the disposition hearing. And simply because Litton was informed that the offense *could* be designated does not mean that the court addressed the issue or gave Litton the chance to be heard before making its determination on that issue.[1] *State*

---

[1] Without analysis, the State refers to the following statement from *State v. Shlionsky*, 184 Ariz. 631, 632 (App. 1996): "Because one of the possible outcomes of the hearing was probation revocation and a prison sentence, petitioner was necessarily on notice that the offense might be designated a felony." That sentence, unsupported by legal authority, is

*v. Stocks*, 227 Ariz. 390, 394, ¶ 7 (App. 2011) ("[D]ue process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner."). On remand, the court should afford Litton a hearing on her motion to designate the offense a misdemeanor.

**CONCLUSION**

**¶17** We vacate the superior court's order denying Litton's motion and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED: AGFV

---

dicta because the issue of whether the defendant's crime should have been designated a felony was specifically addressed at a hearing, and defense counsel was allowed to argue against it. *See id.* Also, as far as our research reveals, the quoted portion has not been cited in any subsequent appellate decisions. *See id.*